(No. 15778.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT J. PECK, Plaintiff in Error.

*Opinion filed October 28, 1924—Rehearing denied Dec. 4, 1924.*

1. CRIMINAL LAW—*what is evidence of intent to take indecent liberties.* Evidence tending to show that the defendant committed the crime against nature at the time that he is alleged to have taken indecent liberties with a child as charged in the indictment is evidence of the intent necessary to commit the crime charged.

2. SAME—*when child of six years is a competent witness.* In a prosecution for taking indecent liberties with a child six years of age the child is a competent witness, where there is evidence that he knew right from wrong, that to be "sworn in" meant to tell the truth, and that he believed in a future punishment if he told a lie.

3. SAME—*when instruction quoting statute stating more than one offense is harmless.* Where the indictment charges the taking of indecent liberties with a child, it is error to give an instruction in the language of the statute, which includes also the offense of attempting to take indecent liberties, although the same punishment is provided, but the error is harmless where the evidence shows the defendant to be guilty of the offense charged in the indictment. (*People* v. *Crane,* 302 Ill. 217, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

O'BRIEN, PRYSTALSKI & OWEN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The first, second and fourth counts of the indictment were dismissed by the People, and plaintiff in error, Robert J. Peck, was convicted on the third count of the indictment, which charged him with taking indecent liberties with James Costello, a child of the age of six years, with the

intent of arousing, appealing to and gratifying the lust, passions and sexual desires of plaintiff in error, herein called defendant. He has sued out this writ of error to review the record.

The facts established in this case are, that on February 5, 1923, the defendant, in his automobile, in the presence of two small girls, both of whom were considered too young to testify as witnesses in the case, committed the crime against nature with the boy, James Costello, who was then a little over six years of age, it being the same crime of which the defendant, Honselman, in the case of *Honselman* v. *People,* 168 Ill. 172, was convicted. On the same evening, as the record shows, the defendant also exposed his privates to the Costello boy with the intent charged in the indictment. The defendant testified that he was thirty-two years of age at the time, was a butcher, salesman and commercial traveler, and had lived in Chicago all of his life. He owned a Chevrolet coupe automobile, 1923 model, in which he was riding on the evening in question, and between Forty-second and Crawford avenues he drove up to some children playing in the street and stopped to avoid running over them. At their request he picked up four of the children, the Costello boy and his sister, who was about four years old, Anna Rose Welner, and another girl about ten years old, and gave them a ride, driving east on Carroll to Crawford, south on Crawford to Washington, on their way to Garfield park. The largest girl wanted to go home, and he drove her to her home at Park and Forty-fourth. He then drove on Roosevelt road and turned into Sixteenth avenue, and after driving into it about 100 feet stopped to turn around because the road was bad. He further testified that one of the small girls pulled off the cap on the dash light and it dropped on the floor, and about that time she turned off the automobile lights. At this moment Joseph Huzar, chief of police of the village of Broadview and a witness for the People, who was about 200 feet

from the machine, saw the lights go out. He approached the machine to find out who was in it and what they were doing. He approached the machine cautiously, and when about 100 feet from it he heard some of the children "kind a crying." He approached the machine on the west side and looked into it and saw the defendant and the Costello boy and the two girls. The defendant had his head bent down, with his left hand underneath one of the little girls' dress. One of the girls made a remark to the witness that indicated what the defendant was doing. The witness opened the door of the car and pulled the defendant out and asked him what he was trying to do there. The defendant made no reply. His pants were open in front and his privates were out. The witness then took him to jail and locked him up and then returned and looked after the children in the machine. The police officer testified that it was about ten minutes between the time he saw the lights go out and the time he opened the door of the car. The defendant claimed in his testimony that when the officer approached him he had his head bent down for the purpose of picking up the cap off of the dash light so that the children would not step on it. He admitted that his pants were open when he got to the police station. He testified that was the first time he knew they were open. He denied *in toto* everything else with which he was accused. He testified that he did not ask any of the children to fondle him in any way and had no such thoughts, and did not do anything like the things of which he was accused.

One of the contentions made by the defendant is that the evidence does not sustain the charge of taking indecent liberties with the Costello boy. The basis for this contention is that the crime against nature does not constitute the offense charged, and that it is expressly excepted by the statute under which he was indicted by this proviso in this language: *"Provided,* that this act shall not apply to offenses constituting the crime of sodomy or other infamous

crimes against nature, incest, rape or seduction." It is true that the crime against nature and the other crimes mentioned in the proviso are expressly excepted from the statute, but the evidence in this case goes farther, and shows that in addition to the crime against nature the defendant was also guilty of the statutory crime charged. He makes no reference to the further and other crime committed by him which has already been stated in arguing this question. The statute under which the defendant was indicted provided that "any person of the age of seventeen years and upwards who shall take * * * any immoral, improper or indecent liberties with any child of either sex, under the age of fifteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, * * * shall be imprisoned in the penitentiary not less than one year nor more than twenty years." If the testimony of the Costello boy and of the police officer is to be believed it clearly sustains the charge of taking indecent liberties with the Costello boy by the defendant with the intent charged. The commission of the crime against nature by the defendant upon the boy on the same evening is evidence of the intent with which the defendant committed the crime charged. All of the circumstances detailed by the officer as to the lights of the car going out, the place he stopped, the time he stopped, the condition of his pants, etc., are corroborative of the testimony of both the Costello boy and of the officer, and we would not be warranted in setting aside this verdict on the ground aforesaid, or upon the further ground contended for by the defendant that there is a reasonable doubt of his guilt and that the verdict of the jury was against the manifest weight of the evidence.

The Costello boy properly qualified as a witness and the court committed no error in allowing him to testify over the objection of the defendant. His testimony shows him

to be a very intelligent boy and that he was able to tell in detail all about the ride in the automobile and the streets on which they rode and the points of interest that they passed up to the time the car stopped and lights went out. He further testified that he was going to school at that time and went to school on that day but' that he never went to Sunday school or to church. His testimony shows clearly that he knew or believed that there would be future punishment for him if he told a lie, and that he believed that all good boys who told the truth would go to heaven and that all bad boys who told a lie would go to the devil, and he also used the further expression that they "would go in fire." He was not able to tell the day of the month on which the crime was committed or how long it was from the time of the crime to the time of·the trial, but he was able to fix it by other means and the State was also able to fix it by other testimony. He was not able to tell what the court or judge would do with him if he should tell a lie on the witness stand, and as a matter of fact we think that it would be a little difficult for the judge himself to answer this question until after the child had been properly indicted and tried for such crime. He was not able to tell just what it meant for one to hold up his hand and take an oath, but he did answer that the term "sworn in" (sworn on oath) meant that he should tell the truth. He answered and showed that he knew the difference between right and wrong. Under this evidence he was clearly competent. *People* v. *Johnson,* 298 Ill. 52.

It is finally objected that the court committed reversible error in giving the first instruction given on behalf of the People. That instruction begins with the words, "The court instructs the jury in the language of the statute." The words of the statute under which the defendant was indicted then follow the above quoted words, including the proviso already quoted in the opinion, and the instruction does not contain any other language. The claim on the

part of the defendant is that the giving of this instruction was reversible error for the same reason given in *People* v. *Crane,* 302 Ill. 217. The instruction given in the case just cited is the same instruction just given, with the proviso omitted, but in the *Crane case* the instruction ended with this sentence: "This is the offense charged in the first count of the indictment." The reason for holding the instruction bad in the *Crane case* was because of the last sentence in the instruction. The statute now under consideration provides for two different offenses in the first part of the act, which are, in substance, the taking and attempting to take immoral, improper or indecent liberties with a child of either sex under the age of fifteen years, with the intent aforesaid. The section also includes other charges or crimes, and it was serious error in the *Crane case* to inform the jury that they were to understand that any one of the crimes named in the statute was charged in the first count of the indictment. There is no such language in the instruction with which we are now dealing. It was error to give the instruction that was given in this case. Only the part of the statute pertaining to the crime charged in the indictment should have been quoted or given in this instruction, but we regard it as harmless, because in this case the defendant was proved guilty of the completed crime of taking indecent liberties, etc. In the *Crane case* it was matter of seriousness to tell the jury that the defendant would be guilty of taking indecent liberties, etc., if the evidence should show that he only attempted to take such indecent liberties and in that attempt was thwarted. The punishment for all of the offenses described in the statute is one and the same but they are not the same crime. The crime charged in this case was proved. The instruction, therefore, in this case contained mere surplusage, which had no effect to prejudice the rights of the defendant.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*