(No. 22850.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN JANISH *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1935.*

JOSEPH W. SCHULMAN, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

About midnight of March 29, 1934, George Koren, a laboring man of the city of Chicago, complained to the police of having been held up on a street of that city. For this offense the plaintiffs in error were indicted in the criminal court of Cook county and upon trial before the court and a jury were convicted. Having each been sentenced to serve an indeterminate term of from one to fourteen years, they prosecute this writ of error to reverse the judgments against them.

The complaining witness testified that when he was returning home from his work late at night he met the two defendants, one of whom, Janish, threw his arms around his neck and held him while the other man, Pangonis, went through his pockets, looking for money; that they discovered only nine cents on his person, and that Pangonis said he would shoot him but would not take as small a sum as nine cents, and that he was then ordered to go ahead and not look back, which he proceeded to do. He further testified that shortly thereafter he saw a police squad car and made complaint to the officers in it, describing his assailants. It further appears from the record, including the testimony of the complaining witness and the officers in the squad car, that those officers proceeded to search the neighborhood, and they arrested the plaintiffs in error, together with one Malesky, in a tavern or saloon. They took the three men to the home of Koren, who immediately identified the two defendants who are now plaintiffs in error. The three prisoners were taken to the police station, where Koren again identified the two plaintiffs in error and signed a complaint against them. It was the testimony of Koren that Malesky did not participate in the attempted robbery but approached the group and went away with the two plaintiffs in error shortly thereafter.

Upon the trial the defendants denied their guilt, saying that they had merely been out on the street for the

purpose of accompanying a friend of theirs to his home, and in this story the witness Malesky on his first appearance on the witness stand corroborated them. After leaving the witness stand Malesky had a short interview with the State's attorney in an adjoining room and thereupon came back for further examination. In his further testimony he admitted that his original statements had been false and told a story which fully corroborated the testimony of the complaining witness. There was other evidence to the effect that Janish admitted the crime at the police station in the presence of Pangonis, and that Pangonis made no denial but merely told Janish not to talk. For the purpose of impeaching the testimony of Janish it was proved that he had previously, in 1931, pleaded guilty in the criminal court of Cook county to an indictment charging him with robbery while armed with a pistol.

The defendants in this court are represented by counsel other than the one who tried the case in the court below. It is first urged for a reversal that they were incompetently defended in the trial court, and that by reason thereof they did not have a fair trial. It is pointed out that many leading questions were permitted to be asked of the prosecuting witness, and that part of his testimony, which was given through an interpreter, amounted to the testimony of the interpreter rather than the testimony of the witness. An examination of the record discloses it to be true that many leading questions were asked of this witness, and it further appears that the trial court expressly ruled that leading questions might be asked of him. He was a Pole and his knowledge of English exceedingly limited. It is also true, as argued, that portions of the testimony given through an interpreter, as is common under such circumstances, appeared like the testimony of the interpreter himself. It is further true that the attorney who tried the case did not interpose any frivolous objections nor take any attitude other than that of permitting the trial to proceed

quickly on its vital points. He did object to the leading
questions and was overruled by the court, who stated that
the prosecutor might, under the circumstances, lead the wit-
ness. Thereafter the attorney for the defendants quite
properly desisted from objecting to every question. We
are, on the whole record, unable to find that he tried the
case incompetently or that he failed to protect any of the
substantial rights of the defendants. It would have been
discourteous of him to persist in objections and constantly
repeat them after having been definitely overruled as to the
theory upon which they were objectionable. We do not
feel that the trial court abused its discretion in permitting
certain leading questions to be asked of the Polish witness,
nor that counsel for the defendants was negligent or in-
competent in the trial of the case. The counsel who tried
the case was selected by the defendants, and the rule in such
cases is, that upon a change in counsel this court will not
consider the question whether, had objections been made or
questions raised which were not made or raised on the trial,
a different judgment might have resulted but we will review
only the record. *People* v. *Zwienczak,* 338 Ill. 237; *Peo-
ple* v. *Hartwell,* 341 id. 155; *People* v. *Ney,* 349 id. 172.

Complaint is made that the court gave the jury the fol-
lowing instruction:

"The court instructs the jury in the language of the
statute, that an assault with an intent to commit murder,
rape, mayhem, robbery, larceny or other felony, shall sub-
ject the offender to imprisonment in the penitentiary."

The defendants cite *People* v. *Phipps,* 338 Ill. 372, *Peo-
ple* v. *Crane,* 302 id. 217, and *People* v. *Jones,* 263 id.
564, and from those cases argue that the giving of this in-
struction was prejudicial error. In the case last cited an
instruction in the words of the statute was criticised, but
the judgment was reversed and the cause remanded upon
other grounds. The other two cases cited involved indict-
ments for taking, or attempting to take, indecent liberties

with a child. In each of them the instruction was held to be bad because it quoted the entire statute, which defines two offenses—*i. e.*, the offense of attempting to take indecent liberties, and the completed offense. In each of those cases the state of the record was such as to make the giving of the instruction error in that particular case. In the *Crane case* the instruction concluded with the words, "This is the offense charged in the first count of the indictment," and that was the reason for holding the instruction bad. It was held to be serious error to inform the jury that they were to understand that any one of the crimes named in the statute was charged in the first count of the indictment. In the case of *People* v. *Peck*, 314 Ill. 237, the *Crane case* is discussed and the distinction pointed out. In the *Peck case* the indictment was also for taking indecent liberties, and the same instruction was given as in the *Crane case*, with the exception of the last sentence above quoted. The court there said: "In the *Crane case* it was matter of seriousness to tell the jury that the defendant would be guilty of taking indecent liberties, etc., if the evidence should show that he only attempted to take such indecent liberties and in that attempt was thwarted. The punishment for all of the offenses described in the statute is one and the same but they are not the same crime. The crime charged in this case was proved. The instruction, therefore, in this case contained mere surplusage, which had no effect to prejudice the rights of the defendant." What we said in the *Peck case* applies to the case at bar. The statute in question described but one crime, and while there was no evidence in this case of any attempt to commit murder, rape or mayhem, the most that can be said of including these words is that they amount to surplusage. It would be necessary to assume a complete lack of intelligence on the part of a jury to believe that they were in any way misled by the giving of this instruction or that the rights of the defendants were at all prejudiced thereby.

The plaintiffs in error devote considerable argument to the questions of fact involved, to the weight of the evidence, to the method of identification, and to the testimony of the alleged accomplice, Malesky. We do not regard the case as being even close on the facts. We are satisfied with the method of identification; that Malesky was not proved to be an accomplice, and that the defendants have had a fair trial and have been proved guilty beyond reasonable doubt.

The judgment of the criminal court of Cook county will be affirmed.                                    *Judgment affirmed.*