Clyde Hollaris, Minor, by Albert Hollaris, Guardian, Appellee, v. Mary Jankowski, Administratrix of Estate of Frank Jankowski, Deceased, and Alex Phal, Appellants.

Gen. No. 41,529.

Heard in the second division of this court for the first district at the October term, 1940.
Opinion filed June 19, 1942.

JOHN A. BLOOMINGSTON, of Chicago, for appellants.

WILLIAM SHAPIRO and KROHN & MACDONALD, all of Chicago, for appellee; STUART B. KROHN and IAN P. MACDONALD, both of Chicago, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

A suit for damages for personal injuries sustained by the minor. A jury returned a verdict finding de-

fendants guilty and assessing plaintiff's damages at $20,000. Defendants appeal from a judgment entered upon the verdict. There was a trial prior to the instant one, at which a verdict was returned finding defendants guilty and assessing plaintiff's damages at the sum of $10,000. The trial judge granted a new trial upon the ground that the verdict was against the manifest weight of the evidence; plaintiff filed in this court a petition for leave to appeal from the action of the trial court in granting a new trial, and we denied the petition.

The complaint charges that defendants were driving a truck in an alley and (1) carelessly and negligently drove it so as to injure the plaintiff, a boy four years of age; (2) negligently failed to keep their motor truck under control; (3) drove the truck at a speed greater than was reasonable and proper, having regard to the traffic and the use of the way; (4) wilfully and wantonly drove the truck. Defendants filed a general denial to the allegations of the complaint. Plaintiff thereafter withdrew the charge of wilful and wanton conduct.

The complaint alleges that Clyde Hollaris, the minor, was four years of age at the time of the accident. The mother of the minor testified that Clyde "was between four and five years old at the time of the accident." The accident happened on August 14, 1937, about ten o'clock a.m. It was a clear, dry day. The theory of plaintiff was that the minor at and just prior to the accident was riding or propelling his "scooter" in an easterly direction upon the south edge or margin of a paved alley which ran east and west between Greenview avenue on the east and Bosworth avenue on the west; that the street just south of the alley was North avenue; that the alley was in the rear of the residence occupied by the parents of plaintiff; that the scooter consisted of a box mounted at one end of a two-by-four about three feet long,

to the front and rear of which two-by-four there had been attached wheels, or rollers, from a roller skate; that the alley was approximately twenty-six feet in width; that the truck of defendant Jankowski, operated by defendant Phal, emerged from the garage of Jankowski; that as the truck so emerged the minor was at that time to the east of the garage and was propelling the scooter by pushing with one foot on the surface of the alley and the other foot on the two-by-four of the scooter; that the truck, after emerging from the garage, headed east and angled over toward where plaintiff was propelling his scooter; that the front wheel of the truck struck the rear end of the two-by-four of the scooter and flipped the scooter around, and the plaintiff was thereby thrown off of the scooter onto the alley, and while he was lying in a "sprawled out position" the back wheel of the truck went over his leg; that the truck did not stop; that the minor was seventy-five feet east of the garage when he was overtaken by the truck; that as a result of the accident plaintiff was seriously injured. The theory of defendants is that the child was riding on a scooter and was facing west; that the scooter was being pushed by the older brother of the minor toward the east; that as the truck was proceeding east toward Greenview avenue the scooter was west of the truck; that the older brother then pushed the scooter until he caught up with the truck and that when the scooter reached the right side of the truck the older brother attempted to take hold of the truck and the scooter was tipped over, and the boy's leg was caught under the right rear wheel of the truck; that the driver had no knowledge of the accident until he had driven around onto North avenue, when he was told of the accident.

Defendants strenuously contend that the manifest weight of the evidence is in favor of defendants. After carefully reading the entire evidence that bears upon

the instant contention we are satisfied that the contention must be sustained. As this case may be tried again we refrain from commenting upon the evidence.

Defendants contend that the trial court erred in permitting Clyde Hollaris, the minor, to testify; that a child of eight years of age should not be permitted to testify to an accident that happened to him when he was between four and five years of age. Defendants argue that the child would not have been competent to testify as to the accident if he had been called as a witness directly after it occurred, and that the mere fact that he has now reached the age of eight years does not now make him competent to tell what happened when he was between four and five years of age, and counsel argues that "many children do not walk until they are two years of age and do not talk until they are three. At four a child is very apt to be in the prattling age in which impressions are nebulous and conversations vague." Counsel for plaintiff argues that "it is the intelligence and understanding of the witness, and not his age, that determines his competency." Upon the first trial of the case the court refused to allow the minor to testify. Neither the Legislature of this State nor our Supreme Court has laid down a hard and fast rule with respect to the minimum age at which a minor is permitted to testify.

In *People v. Peck*, 314 Ill. 237, the defendant was charged with taking indecent liberties with a boy of the age of six. The boy was permitted to testify over the objection of the defendant. The Supreme Court held that he was a competent witness, it appearing that the testimony of the boy "shows him to be a very intelligent boy," able to tell in detail all of the circumstances surrounding the commission of the alleged offense. In that case two girls, each four years of age, saw the commission of the offense, in fact, the evidence shows that the defendant took indecent liber-

ties with one of the girls. The Supreme Court states that the two girls were not allowed to testify as they were ''considered too young to testify as witnesses in the case.'' From a reading of the opinion in the *Peck* case it appears that the evidence of a police officer, alone, conclusively proved the guilt of the defendant.

In *Featherstone v. People*, 194 Ill. 325, a boy who was six years of age at the time of the offense was permitted to testify, and the Supreme Court held that the action of the trial court in permitting him to testify was not error. The Supreme Court stated, however, that if they had entertained any doubt of the guilt of the defendant they would have reversed the case, and the court reviewed at length the evidence that corroborated the testimony of the prosecuting witness and that proved the guilt of the defendant.

We find no case in this State wherein the competency of a child under six years of age to testify has been passed upon.

In *State v. Michael*, 37 W. Va. 565, the complaining witness was five years of age at the time of the alleged criminal offense. The opinion in that case states (p. 569) : ''Under the age of six, presumption of incompetency would arise, and at the age of five the utmost limit would be ordinarily reached, unless extraordinary development of the mental and religious faculties should be shown, to take the case out of the ordinary course of nature.'' The court held that the child should not have been permitted to testify.

In *Macale v. Lynch* (Wash.), 188 Pac. 517, the plaintiff was five years of age at the time of the accident. Fourteen months later he was allowed to testify in his case over the objection of the defendant. The child had often discussed the facts of the accident with the members of his family and the lawyers. It was held that the child should not have been allowed to testify.

In the instant case the testimony of the minor does not show that he is a very intelligent boy. Moreover, his testimony shows that he had little, if any, memory of what actually occurred at the time of the accident. He testified that "the lawyers have talked about it to me, I don't know how many lawyers;" that he remembered the facts better at the time of the first trial; that "My memory isn't so good about it now, because it was so long. I mean it is so long ago that I don't remember much about it;" that "My memory is not very good about what happened at that time, so long a time has gone by. After I heard my brother and other people about it, I didn't remember so much more about it. Q. In other words the more they talked about it, the less you knew about it, is that what you mean? A. Yes, sir. Q. Do you really remember about it, Clyde? A. No, not so well. Q. You said something about the truck turning over to you? Did you see the truck turn over to you at that time? A. Well, my brother told me. Q. Your brother told you, and that is the reason you thought the truck kept turning over to you? A. Yes, sir. Q. Did you see the truck come out of the garage? A. No, that is the only time when my brother yelled." We are not obliged to hold, however, that the minor was an incompetent witness solely because of his age. Undoubtedly there are some very smart, precocious children, who, at eight years of age, can remember the details of an accident that happened to them when they were between four and five years of age, but the record shows that the minor in this case was not a very smart, precocious child. Moreover, it affirmatively appears that he had been talked to so much about the accident by members of his family and lawyers that the child had little, if any, independent recollection as to the facts and circumstances surrounding the accident. In any future trial he should not be allowed to testify. Defendants argue, and with some

force, that the minor was placed upon the stand not because it was expected that his testimony would have any material probative force, but solely for the emotional effect that the one-legged boy would have upon the jury.

The judgment of the circuit court of Cook county is reversed, and the cause is remanded for a new trial.

*Judgment reversed; and cause remanded for a new trial.*

SULLIVAN and FRIEND, JJ., concur.