(No. 29407.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES C. SIMS, Plaintiff in Error.

*Opinion filed March 20, 1946*

Paul D. Reese, of Jonesboro, for plaintiff in error.

George F. Barrett, Attorney General, and John Paul Davis, State's Attorney, of Jonesboro, for the People.

Mr. Chief Justice Thompson delivered the opinion of the court:

Charles C. Sims, plaintiff in error, was indicted and tried in the circuit court of Union county on a statutory charge of taking immoral, improper and indecent liberties with a certain female child of the age of fourteen years in violation of the Criminal Code. (Ill. Rev. Stat. 1943, chap. 38, par. 109.) At the close of all the evidence, a motion to exclude same and to find the defendant not guilty was overruled and he was found guilty by a jury. After a verdict, motions for a new trial and in arrest of judgment were denied and plaintiff in error was sentenced to the penitentiary. To reverse the conviction and sentence this writ of error is prosecuted.

Counsel for plaintiff in error presents numerous alleged errors, but grouped together they present for consideration the following contentions in opposition to the judgment and sentence: (1) That the court should have quashed the indictment; (2) that a bill of particulars should have been furnished; (3) that the prosecution should have elected as to which count of the indictment it would rely

upon for a conviction; (4) that improper evidence was admitted on the part of the People and proper evidence was refused on behalf of the defendant; (5) that improper instructions were given; (6) that the trial court erred in refusing to permit defendant to reopen his case and introduce certain exhibits; (7) that the court erred in overruling plaintiff in error's motion for a new trial and in arrest of judgment; and (8) that the judgment of the trial court is not supported by the evidence.

It is first urged by plaintiff in error that the court erred in overruling his motion to quash the indictment on the ground that the indictment is insufficient to charge plaintiff in error with any crime whatever; that it fails to allege or set forth any facts sufficient to show that the defendant has actually taken any immoral, improper or indecent liberties with the child in question.

The indictment in this case charges that the defendant, Charles C. Sims, being a male person of the age of seventeen years and upwards, unlawfully and feloniously did then and there take certain immoral, improper and indecent liberties with a certain female child under the age of fifteen years and of, to-wit: the age of fourteen years, with intent then and there of arousing, appealing to and gratifying the lust, passions and sexual desires of him, the said Charles C. Sims. Further counts in the same language charged indecent liberties were taken with intent to gratify the lust, passions and sexual desires of the female child. And, also, in a separate count it was charged that indecent liberties were taken for the purpose of arousing the sexual desires of both the said Charles C. Sims and the said female child. Two of the counts alleged that he attempted to take such indecent liberties. The charge is made in the language of the statute.

Under section 6 of division XI of the Criminal Code, (Ill. Rev. Stat. 1943, chap. 38, par. 716,) an indictment is sufficient which states an offense in the terms and lan-

guage of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury. In the construction of this section we have held that it is sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified with reasonable certainty of the precise offense with which he is charged. (*People* v. *Klemann,* 383 Ill. 236; *People* v. *Scattura,* 238 Ill. 313; *Strohm* v. *People,* 160 Ill. 582.) The indictment was substantially in the language of the statute and was entirely sufficient to notify the defendant of the nature of the offense with which he is charged. The motion to quash was properly overruled.

It is next contended that after the plaintiff in error had been arraigned, and prior to the commencement of the trial, a motion was presented to the trial court for a rule requiring the prosecution to furnish plaintiff in error with a bill of particulars specifically describing the acts alleged to have been committed which constitute the crime of taking indecent liberties or the crime of attempting to do so.

The indictment specifically charged that plaintiff in error had taken immoral, improper and indecent liberties with a child of a certain age with intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of the said plaintiff in error, or of the said child or of both, and this certainly apprised the plaintiff in error of the offense with which he was charged. The purpose of a bill of particulars is to provide more particular averments in order to enable the defendant to understand the nature of the charges against him or to prepare his defense. (*People* v. *Diekelmann,* 367 Ill. 372; *People* v. *Payne,* 359 Ill. 246; *People* v. *Bain,* 359 Ill. 455.) It was never intended for the purpose of a disclosure of facts which would constitute evidence of the prosecution in advance of the trial. The record in this case discloses that at the time

of the arrest of the plaintiff in error on said charges, he was given a preliminary hearing and at that time he testified he entered the bedroom of the prosecuting witness and put his knee on the bed where she was sleeping so he could see out of the window because he thought somebody was getting into the house. This was several months before he was brought to trial on the said charges and it is apparent he was sufficiently informed to understand the charges in the indictment and to prepare his defense accordingly. Whether the prosecution shall be required to give a bill of particulars in a given case rests in the discretion of the trial court, and only a clear abuse of that discretion in the denial of a motion is error. (*People* v. *Diekelmann,* 367 Ill. 372; *People* v. *Cox,* 340 Ill. 111.) We do not find such abuse of that discretion in this record.

It is next contended that the court erred in overruling the motion of plaintiff in error to compel the prosecution to make an election as to which count it would rely upon for a conviction; that the counts of the indictment, some charging the taking of indecent liberties and others charging attempts to take indecent liberties definitely charged different offenses and that each of the offenses charged is a felony. The indictment contained six counts of which the first four charged that plaintiff in error took immoral, improper and indecent liberties with the prosecuting witness on July 27, 1943, and the next two charged that on that date he attempted to take such liberties. From this it can readily be seen that all counts referred to the same transaction and the defendant might have been found guilty of either charge. It is apparent the allegations of each count grow out of and relate to the same transaction. Under such circumstances, an election will not be required. *People* v. *Diekelmann,* 367 Ill. 372; *People* v. *Routson,* 354 Ill. 573; *People* v. *Perrello,* 350 Ill. 231.

Plaintiff in error objects to the giving of certain instructions, their modification and refusal, and considerable

argument is spent in discussing the various phases of such series of instructions. Our examination reveals that the instructions, given as a series and considered as a whole, fully and fairly announce the law applicable to the theories of the People and of the defendant, respectively. (*People* v. *DeRosa*, 378 Ill. 557.) It is true that some of the instructions are not as full as they should be, but this is not prejudicial in view of other instructions taken as a series. A particular instruction need not contain all the law either of the case or upon a given subject. It is sufficient if the series of instructions, considered as a whole, fully and fairly announces the law applicable to the theories of the People and of the defendant, respectively. *People* v. *Shelton*, 388 Ill. 56; *People* v. *DeRosa*, 378 Ill. 557.

Counsel for plaintiff in error contends that the court erred in refusing, after the prosecution had finished its evidence in rebuttal and after it had rested, to reopen the case and permit the introduction of exhibits 4, 5, 6 and 7, which consisted of certain pages of the calendar for July and August, 1943, and pages of the almanac for the same months of the same year. Said exhibits 4 and 5 showed the phases of the moon during said months and showed there was a new moon on July 2, 1943, and that the first quarter of the moon fell on August 8, 1943. Defendant's exhibits 6 and 7, as shown in the abstract, were a photostatic reproduction of the almanac covering the months of July and August, 1943. Counsel admits this evidence was inadvertently overlooked until after the prosecution had finished its evidence in rebuttal and after both sides had rested, but contends the trial court committed error in refusing to reopen the case for the purpose of receiving said exhibits. The purpose of such exhibits was, evidently, to show that the moon was not shining and, therefore, Rena Sutherland would not have been able to discern the things she testified to when it is alleged the accused came into the room where she and the prosecuting witness were sleep-

ing. It was, no doubt, offered for the further reason of refuting her testimony that she thought the moon was shining. The witness did not testify the moon was shining. She testified, "That night Mr. Sims came in to the bed where we was and bent down by her bed and was feeling of her, [meaning prosecuting witness] and then put his knee up on the bed and started to crawl over the bed on her or something like that. There wasn't any light on but it was real light in there. I knew who it was. I think the moon was shining, because it was awful light in there, and you could see outdoors." She further answered, on cross-examination, "I don't know whether there was a street light there or not. It was light and that is all I can tell you. I think the moon was shining. I didn't see the moon, just saw the light. When I called to Charley Sims, he answered me. He just said he wasn't doing anything. And I said, 'Well, get out of here and stay out!' " She further testified, "I saw that man come to the bed that night and kneel down on the side she was on and was feeling over her, and he put his knee upon the bed and started to crawl over her after about five or ten minutes. He was feeling of her arms and feeling of her body. He just felt all over her." Under this state of the record we do not believe the trial court abused its discretion in refusing to reopen this case and permit the exhibits to be offered.

It is urged the evidence is insufficient to convict the defendant of the offense charged and that there was no competent evidence in the record of any indecent liberties whatever, except the testimony of the witness Rena Sutherland. It is contended that her testimony referred to an entirely different occasion and that her testimony of that occasion was vague and uncertain. It is further argued that the only evidence of any consequence against plaintiff in error is the testimony of prosecuting witness, the child

of plaintiff in error, that her father committed two separate acts of sexual intercourse with her; that the evidence, if it proves anything, shows plaintiff in error to be guilty of the crime of statutory rape and the crime of incest; therefore, the proof shows one crime and the indictment another. If the proof were so circumscribed counsel's position might be tenable. The record, however, presents an entirely different situation. The position now taken by plaintiff in error, that the record shows him guilty of rape, is entirely inconsistent with his defense as to this particular phase of the case. He denied emphatically that he had intercourse with prosecuting witness and offered the testimony of two physicians in support of his contention. This controversy arose, not by reason of any charges in the indictment that he was guilty of such an offense, but by reason of certain details as to his conduct testified to by the prosecuting witness. A similar contention, where the facts were similar, was made in the case of *People* v. *Peck,* 314 Ill. 237, wherein the defendant there was convicted of taking indecent liberties with a child of the age of six years, and the contention there was not sustained.

In the instant case if it could be said, as plaintiff in error now contends the record shows, that he had intercourse with the prosecuting witness, and if it could be said that she testified to facts proving such charge, this would in no way militate against the statutory crime charged here, if shown by the evidence. The evidence did not, however, stop at that point, but went further and was encompassed by the testimony of the prosecuting witness that at a later date, on a particular night in question, while she sleeping with one Rena Sutherland in a bed located in the kitchen, plaintiff in error came to her bed, felt of her, pulled up her night gown and then started feeling over her when Rena Sutherland, with whom she was sleeping, ran him away. It is true there was some inconsistency in her

246

testimony on cross-examination, but we find, also, that there she testified to facts supporting the charge. In any event, her testimony was for the jury. Further, as to this occurrence, she was corroborated by the testimony of Rena Sutherland. The evidence is sufficient to sustain the charge of the crime of indecent liberties, and the other acts to which she testified could be considered as evidence of the intent with which the defendant committed the crime charged. *People* v. *Peck,* 314 Ill. 237.

The conclusion that we have reached renders it unnecessary to pass on other questions, as they are such as do not constitute prejudicial error. From a careful examination of the record we are satisfied that the verdict of the jury is supported by competent and credible evidence and that no errors of law have intervened resulting in prejudice to plaintiff in error.

For these reasons, the judgment of the circuit court of Union county is affirmed.

*Judgment affirmed.*