[Civ. No. 4262. First Appellate District, Division One.—November 23, 1922.]

## JOHN LAFAYETTE BERRY, Appellant, v. HARRY E. ALDERSON et al., Respondents.

[1] MEDICAL PRACTICE ACT — USE OF FICTITIOUS NAME — UNPROFESSIONAL CONDUCT.—The evidence having shown that the appellant used in connection with his practice in an advertisement thereof the designation or name "K. B. Bloodless Surgeons"—a name other than his own—the Board of Medical Examiners was authorized to revoke his license for unprofessional conduct, under the eighth subdivision of section 14 of the Medical Practice Act.

[2] ID.—LEGISLATIVE INTENT—CONSTRUCTION OF STATUTE.—By the eighth subdivision of section 14 of the Medical Practice Act, in which the use by a physician and surgeon of a fictitious name, or any name other than his own, is declared unprofessional conduct, the legislature intended that a person to whom the privilege had been granted of practicing medicine and representing himself to the world as qualified and worthy of the confidence of the sick, should, when offering his services by advertisement or announcement, do so under his own name; and to constitute unprofessional conduct under that provision of the law it is not necessary that the use by a physician of a name other than his own be of such a nature and under such circumstances as to amount to a fraud upon the public.

[3] ID.—FILING OF CHARGES BY AGENT OF BOARD—CONSTITUTIONAL LAW—DUE PROCESS.—The fact that the charge of unprofessional conduct against appellant was filed before the Board of Medical Examiners by an agent of the board, and that on the hearing such agent appeared as a witness against appellant, did not render the proceeding to revoke appellant's license violative of the due process clause of the federal constitution.

APPEAL from a judgment of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

Edwin V. McKenzie for Appellant.

Harry A. Encell and Frank M. Smith for Respondents.

1. Power to revoke physician's license, notes, 1 L. R. A. (N. S.) 811; 7 Ann. Cas. 752; Ann. Cas. 1912A, 634; Ann. Cas. 1915D, 1194.

2. Grounds for revoking physician's license, notes 8 L. R. A. (N. S.) 585; 17 L. R. A. (N. S.) 439; 30 L. R. A. (N. S.) 783; 43 L. R. A. (N. S.) 911; 51 L. R. A. (N. S.) 958.

KERRIGAN, J.—This is an appeal by the petitioner from a judgment of the superior court in a proceeding in *certiorari* by which the action of the Board of Medical Examiners of the state of California in revoking the license of the petitioner to practice medicine was affirmed. The appeal is presented upon a bill of exceptions which contains the papers constituting the record of the proceeding before said board, including a transcript of the testimony taken therein, and which, in obedience to the writ of *certiorari* issued by the trial court, were produced in that court.

[1] The record shows that a complaint was filed before the Board of Medical Examiners by one Frank M. Smith, special agent of said board, charging the petitioner, John Lafayette Berry, with having been guilty of unprofessional conduct under the eighth subdivision of section 14 of the Medical Practice Act (Stats. 1913, p. 722), in that the said Berry, being the holder of a certificate issued by said board licensing him to practice medicine and surgery, did "use in connection with his practice of medicine and surgery a name other than his own in a certain sign and advertisement and announcement of his practice in the words and figures following, to wit: K. B. Bloodless Surgeons."

Said section of the Medical Practice Act authorizes the Board of Medical Examiners to revoke the license of a physician or surgeon for unprofessional conduct as defined in the act, and one of the specifications of unprofessional conduct as therein defined is "the use, by the holder of any certificate, in any sign or advertisement in connection with his said practice, or in any advertisement or announcement of his practice, of any fictitious name or any name other than his own."

The contention of the respondents in support of the judgment is that the petitioner, in an advertisement or announcement of his practice, used the letters and words "K. B. Bloodless Surgeons," and that said expression is a name; that it not being the name of the petitioner he was therefore guilty of the particular unprofessional conduct charged in the complaint.

The material evidence disclosed by the transcript of the testimony taken before the respondents is uncontradicted, and shows that one Kratzer, in conjunction with one Bennett, organized in the state of California a corporation for

the vending of medicine and medical remedies, said corporation being known as "K. B. Remedies Incorporated" and "K. B. Medicine Company." It was under the management and control of Kratzer and conducted its business in various parts of the state. To foster and increase the demand for its product it employed or worked in conjunction with physicians, or persons styling themselves such, and in one instance conducted a sanatorium at Hayward, where at different times Doctors Brandon, Manley, Crum and Powell treated the patients. Upon the exterior of this sanatorium was a large sign, "K. B. Bloodless Surgeons." This sign, or one quite similar, was also used in an office conducted by the corporation, through Kratzer, in Livermore. This had been going on for some years before the petitioner met Kratzer, and the business connection of the two men dates from only a few weeks prior to the events which gave rise to the present proceeding. One of the methods adopted by Kratzer in pushing the sale of the corporation's so called remedies was to give open-air entertainments to which the public were invited without payment. The character of these entertainments may be gleaned from the following advertisement: "Free Open Air Show. July 14, 7:30 P. M. and every evening except Sunday, corner N. and Yolo streets. . . . Vaudeville, Music, Singing, Comedy, Lectures, Sketches and Funny acts. Free demonstrations in Bloodless and painless surgery. . . . " At the conclusion of the entertainment the performers would circulate among the audience and offer for sale the K. B. remedies. Such an entertainment was arranged to be given at Newman by Kratzer and the petitioner, the expenses thereof to be jointly defrayed. Accordingly, upon an open space in said town they caused to be erected a platform, and engaged performers for the entertainment. Upon the platform was placed a large sign, the dimensions being about four by twelve feet, upon which the device "K. B. Bloodless Surgeons" appeared in red letters upon a yellow ground. One of such entertainments was given by Kratzer and the petitioner on or about the 1st of August, 1919, part of which was a lecture by the petitioner upon some medical subject. In addition to the vending of these remedies to the members of the audience the performers also distributed cards, upon which was printed the following: "This card entitles the

holder to one free consultation and examination by the
physicians and surgeons of the K.-B. Medicine Co. Not
good after ——. Corner P. and Merced streets.'' The loca-
tion indicated was the place of residence of Kratzer and
the petitioner, the latter occupying one of the rooms as an
office or consulting room. Upon this building was also ex-
hibited the sign "K. B. Bloodless Surgeons," but upon the
window and door of the petitioner's consulting room ap-
peared only his name, J. L. Berry. The profit, if any, to be
derived by Berry from this enterprise was to come from
fees received for medical treatment given by him to persons
coming to his office, although, as stated upon the card dis-
tributed, the first consultation was gratuitous.

It is apparent from this recital of the evidence that the
petitioner did use in connection with his practice in an ad-
vertisement thereof the designation or name "K. B. Blood-
less Surgeons,"—a name other than his own, thus bringing
himself within the provisions of the Medical Practice Act re-
lating to unprofessional conduct.

[2] The first contention of the appellant in support of
his appeal is that the use by a physician of a name other
than his own referred to in the statute must be of such
a nature and under such circumstances as to amount to a
fraud upon the public, i. e., that it must amount to a repre-
sentation that said physician is in fact another person; in
other words, that there must be a fraudulent concealment
of identity; and that if not so construed, then this provision
of law is too vague and indefinite to be given any effect.

We think this construction is entirely too narrow, and
that the provision is aimed at conduct much less repre-
hensible than fraudulent misrepresentation. Our view is
that the legislature intended that a person to whom the
privilege had been granted of practicing medicine and rep-
resenting himself to the world as qualified and worthy of
the confidence of the sick, should, when offering his services
by advertisement or announcement, do so under his own
name. This simple requirement, so easily complied with,
was not aimed particularly at the person who was willing to
incur the odium of actual fraud, but was designed to offer
a much wider protection to the public by assuring to it a
reasonable certainty of knowing in every case precisely with
whom it was dealing, the importance of the relation of phy-

sician and patient, and the very serious consequences which might follow improper, unskillful or negligent treatment, rendering such openness and candor particularly desirable. That the provision of the law in question is neither vague nor indefinite is obvious. Every person with intelligence enough to have been granted a license to practice medicine must be presumed to know his own name. When such a person is informed in so many words that in any announcement or advertisement of his practice he may not use a name other than his own, i. e., if he uses any name at all it must be his own name, there can be no doubt that he understands precisely what is required. It would, indeed, be difficult to put it in plainer language.

[3]   The next contention of the appellant is that the provision of the federal constitution that no man shall be deprived of life, liberty or property without due process of law, was violated in the case at bar in this: that the Board of Medical Examiners before whom the appellant was cited to appear, and which as the result of the hearing revoked his license to practice medicine, was at once prosecutor and judge; that the hearing was, therefore, a mere formality, and the result a foregone conclusion.

The basis for this assertion is the fact that the charge against the appellant was filed before the board by one Frank M. Smith in his capacity of special agent appointed by the board, charged with the duty of discovering violations of said Medical Practice Act, and that in the trial of appellant said Smith appeared as a witness against him. The appellant cites the case of *North Bloomfield G. M. Co. v. Keyser*, 58 Cal. 315, quoting from it the following language: "It is an ancient maxim, and one founded in the most obvious principles of natural right, that no man ought to be a judge in his own cause. . . . A sound public policy, which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observance." But it is also said in the same case: "Undoubtedly the prohibition does not extend to cases where the interest is simply in some question or questions of law involved in the controversy, or where it is indirect and remote."

If, for the sake of the argument, and contrary to many eminent authorities which might be cited, we assume that the right here in question is one protected by the provision

of the constitution referred to, we cannot agree with the appellant that that provision was violated in the present case merely because the proceeding for the revocation of the appellant's license was initiated by an agent of the board. No direct or immediate interest on the part of the board can be predicated upon such fact, nor can any fair inference be drawn from it that the board in its hearing of the charges was biased against the accused thereby. The Medical Practice Act itself provides for the appointment of such agent; and it was in discharge of his duties as such that he filed the charges. Under these circumstances, this contention made on behalf of the appellant seems to have little weight.

This disposes of the points made on the appeal.

Judgment affirmed.

Tyler, P. J., and St. Sure, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1922.

All the Justices concurred.