(Nos. 25591, 25592.—

DR. W. W. TARR, Appellant, *vs.* JOHN J. HALLIHAN *et al.* Appellees.—DR. SAM MARSHACK *et al.* Appellants, *vs.* JOHN J. HALLIHAN *et al.* Appellees.

*Opinion filed October 15, 1940—Rehearing denied Dec. 10, 1940.*

MOSES, KENNEDY, STEIN & BACHRACH, (ROBERT BACH-RACH, of counsel,) for appellants.

JOHN E. CASSIDY, Attorney General, (RAYMOND WAL-LENSTEIN, of counsel,) for appellees.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Appellants brought suits in the superior court of Cook county to enjoin the Department of Registration and Education of the State of Illinois, its director, and the dental committee, from proceeding upon written charges of professional misconduct as dentists, which had been filed against them with the department. At the time of the filing of the complaints for injunction and of their disposition, the hearings had not begun. Cause No. 25591 involves Dr. W. W. Tarr, and cause No. 25592 involves his thirty-four employees, who are also licensed dentists. The two causes have been consolidated by this court. The superior court dismissed the complaints on the ground they failed to state facts sufficient to entitle appellants to any relief.

Appellants contend that the procedure provided in the Dental Practice act, (Ill. Rev. Stat. 1939, chap. 91, pars. 58-72c,) for the institution and hearing of complaints against licensed dentists is wanting in due process of law. It is averred that the complaints filed against appellants were made and signed by Arthur W. Nimmer, a regular

employee of the department at the request and direction of said department. It is not contended this is contrary to the provisions of the statute. It is further argued that while the hearings are had before the dental examining committee, its personnel is chosen by the director, (section 3-a (6)), and while the director may not enter an order of revocation except on the action and written order of the committee, he has the right to send the case back to the same committee or a new committee whenever he disagrees with the conclusions and recommendations of the committee. From this they conclude the director can control the action of the committee by continuing to resubmit the case until a recommendation satisfactory to him is had. They say, in this connection, that the director is the accuser, prosecutor, and judge. They next point out that the order of revocation or suspension is self-executing, (section 7-d,) and it is thereafter unlawful to practice dentistry. Section 7-f authorizes the circuit and superior courts to review all questions of law and fact by writ of *certiorari.* Section 7-i provides that the pendency of an appeal or writ of *certiorari* shall not, of itself, stay or suspend the operation of an order of revocation or suspension, but during the pendency of such suit the reviewing court may stay the operation in its discretion. However, "no such stay shall be granted by the court otherwise than upon ten days' notice to the department and after a hearing." Appellants argue that this minimum period of ten days during which the order of the department will be in effect before relief may be granted by a court will cause irreparable injury to the dentists affected thereby; that this injury is caused by a tribunal which is accuser, prosecutor, and judge, and the combination of these factors amounts to a denial of due process of law.

We are unable to agree with appellants' contention that the procedure is lacking in due process because the complaints were signed by an employee of the department. That appellants are entitled to a hearing before an unbiased

tribunal is not questioned. However, the mere fact that charges are made by an employee of the department does not, in our opinion, establish that the dental examining committee would be prejudiced against appellants. The California courts have held adversely to this contention, pointing out that no fair inferences of bias can be drawn from such a circumstance. (*Berry* v. *Alderson*, 211 Pac. 836, 59 Cal. App. 729; *Winning* v. *Board of Dental Examiners*, 300 Pac. 866.) It is unnecessary to pass upon appellants' contention that the statute deprives them of due process of law in providing that no stay order may be issued by the reviewing court, except upon ten days' notice to the department. This provision of the statute was not invoked in this case and appellants were not injured thereby. This court will not consider the constitutionality of a statutory provision where the party complaining has not been affected thereby nor in any way aggrieved by its operation. *People* v. *Diekmann*, 285 Ill. 97; *People* v. *Mikula*, 357 id. 481.

Appellants also contend the proceedings instituted are violative of due process and subject to injunction for the reason that the charges filed against them are not sufficiently definite and specific. In support of this contention, they cite and discuss *Kalman* v. *Walsh*, 355 Ill. 341. An examination of that case shows that it is not controlling here. The basis of that decision, that the proceedings of the dental committee should be enjoined, was that no charges, as a matter of fact, had been filed against the dentists involved, but that they were merely notified the department was going to conduct a hearing in the nature of an investigation by a grand jury to determine whether or not they had violated any of a number of provisions of the Dental Practice act. We said: "The supposed 'written charges' as contained in such writing appear to be rather a galaxy of 'whethers' or 'whether or nots,' rather than written charges of the violation of any of the acts legislated against by said section 7, as it existed prior to July 7, 1933." We held the dental

committee was without jurisdiction to proceed with such an inquisition.

In that opinion, we also used the following language, which appellants stress: "While it is not necessary that charges of professional misconduct, proof of which would justify the suspension or revocation of the license of the practitioner, should be drawn with the same accuracy and certainty as an indictment or information in a criminal case or with the refinements, niceties, and subtleties of pleadings in courts of record, yet such charges should be so drawn as to bring the alleged act of misconduct clearly within the purview of the statute and should specify the time and place when and where such prohibited act was committed. The right to proper notice and a sufficient and explicit charge is not procedural but substantive. In the absence of such charges being filed the State Board of Dental Examiners would have no jurisdiction either to proceed with the hearing against the accused or to make a decision therein." Appellants have made an extremely lengthy and detailed analysis of the charges filed against them and argue that they are not sufficiently definite and specific. It would unduly lengthen this opinion to narrate this analysis and argument. In our opinion, appellants have overlooked the first part of the above quotation, to the effect that the charges in a proceeding such as this need not be drawn with the "refinements, niceties, and subtleties of pleadings in courts of record." It is sufficient that the practitioner be fairly and reasonably apprised of the acts of misconduct with which he is charged so that he may properly prepare to defend such charges. We think the charges in the cases meet that test. Section 7 of the Dental Surgery act (Ill. Rev. Stat. 1939, chap. 91, par. 62) states the causes for which a license may be suspended or revoked. The complaints here charge violations of sub-sections 8, 10, and 11 of that section. The various counts describe the alleged acts of misconduct in the language of those sub-sections. The dates of the

acts, the place they occurred, and a specific statement of the manner in which the statute was violated were also stated. A mere reading of the complaints, which are too lengthy to set forth here, demonstrates that appellants were fully informed of the acts of misconduct with which they were charged and that those acts are clearly within the purview of the statute.

The decrees of the superior court are affirmed.

*Decrees affirmed.*

Mr. JUSTICE SHAW, specially concurring: I agree with the conclusion reached but not with all the reasoning of this opinion.