[Civ. No. 18759. Second Dist., Div. One. May 6, 1952.]

LEWIS FOOD COMPANY (a Corporation), Appellant, v. STATE OF CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, Respondent.

William H. Wilson for Appellant.

Edmund G. Brown, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

DRAPEAU, J.—In 1949 the California Legislature added new sections to the Health and Safety Code regulating the sale of horse meat. Section 28007 so enacted, in part provides that labels on canned horse meat for dog food may not use the following terms: "Packed in gravy." Packed with gravy." "Horse meat loaf." "Horse meat stew."

Plaintiff brought this action in declaratory relief and for injunction, restraining the Department of Public Health of the State of California from enforcing the law. The trial court found for the state and judgment for defendant followed. From this judgment plaintiff appeals.

From the record it appears that the legislation was enacted because of the following developments in the marketing of horse meat:

Horse meat for human consumption comes under the supervision of the United States Department of Agriculture, Meat Division. Inspection by that governmental agency is both post- and ante-mortem. It is designed to ascertain whether or not the animal had any disease which would render the flesh unfit for human consumption. The inspection is under the supervision of doctors of veterinary medicine and is similar to that required for beef for human consumption.

Horse meat not for human consumption comes under our State Department of Public Health. All that is required is that there be some semblance of sanitation. No post- or ante-mortem inspection is made, and no qualified doctors of veterinary medicine are employed. If there is no odor of decomposition, and no obvious evidence of filthy conditions in the slaughtering of the animals, or in the handling, packing or transportation of the horse meat, it is passed; but for consumption by animals only.

An inspector for the Public Health Service of this state testified that there were three canned horse meat brands in the Los Angeles market, federally inspected, and for human consumption, labeled "Horse meat with gravy." He said that due to the similarity of the wording on the labels of plaintiff's canned horse meat, people of limited means were purchasing it, thinking it fit for human use.

On appeal plaintiff contends that it was error for the trial court to make the following findings: (a) that the use of the words "with gravy" tended to mislead the public into the belief that the dog food could be used for human consumption; (b) that plaintiff's business would not be substantially affected by eliminating such wording from the labels; and (c) that the plaintiff was not deprived of its property contrary to due process of law. Plaintiff further contends that the statute does not bear any real or substantial relation to the object sought to be obtained, and is arbitrary, unreasonable and capricious, and, therefore, unconstitutional.

None of plaintiff's contentions is sound. The trial court's findings were supported by substantial evidence. So, under the familiar rule, an end is put to all of plaintiff's contentions except as to the constitutionality of the statute.

In the recent case of *Beverly Oil Co.* v. *City of Los*

*Angeles,** (Cal.App.) [242 P.2d 682], in an opinion written by Mr. Justice pro tem. Hanson, this court had occasion to discuss at some length the scope and extent of legislation enacted under the police power. Under that great power is to be found the unquestioned right in the state to place restrictions upon personal liberty and limitations upon the use of private property. One conspicuous example of the legitimate exercise of the police power is evidenced by the universal regulation of food products for human use.

All law, state, federal and municipal, which has to do with the inspection of meat is designed to protect men, women and children from infection. For example, the toxins of botulism bring untold misery and death to human beings. Sources of human infection are found in meat from diseased animals, and in filthy conditions in the slaughter, packing and preparation of meat.

With the constantly rising cost of beef, the temptation to housewives with meagre budgets to use cheaper substitutes is sometimes irresistible. They, and their husbands, and their children, and their families need protection from the possibility of infection from contaminated horse meat.

█ To conserve and protect the health of its citizens is a paramount duty of the state, and a fair and reasonable exercise of the sovereign power. █ As pointed out in *Beverly Oil Co.* v. *City of Los Angeles, supra,* it is true that in its legitimate exercise the police power at times works damage to property and even injustice to individuals. Indeed, in its exercise property may in some instances be utterly destroyed. Always the question in every case is whether the statute is within or without the legitimate purview and scope of the power. Is it reasonable? Does it have "a substantial relation to a legitimate object to be accomplished?" (*Dribin* v. *Superior Court,* 37 Cal.2d 345 [231 P.2d 809].)

█ Questions as to the wisdom, justice, policy or expediency of a statute are for the Legislature alone, not for the courts. (*California State Auto. Assn. Inter-Ins. Bureau* v. *Maloney,* 341 U.S. 105 [71 S.Ct. 601, 95 L.Ed. 788]; *Dribin* v. *Superior Court, supra.*)

█ Unless it clearly appears that the objective of the law under attack is erroneous and without reasonable foundation, the law is to be upheld, not struck down. (*Housing Authority* v. *Dockweiler,* 14 Cal.2d 437 [94 P.2d 794].)

---

*A hearing was granted by the Supreme Court on June 5, 1952.

█ And it is only when it is clear that the law exceeds the limit of legislative power and infringes upon rights guaranteed by the Constitution that it will be declared invalid. (*Bernstein* v. *Bush*, 29 Cal.2d 773, 778 [177 P.2d 913].)

█ In the case at bar to state the evils sought to be guarded against by the state is to answer the question whether the law is or is not reasonable. It was the manifest and imperative duty of the lawmaking power of this state to regulate the sale of canned horse meat, to insure that dog food labeled "with gravy" be not mistakenly eaten by human beings. Although it may not be a judicial function for this court to say so, we think it not inappropriate to add that in our opinion it would be a good idea to have all canned horse meat for animals plainly labeled: "Unfit for Human Use."—so plainly labeled that the harassed housewife, thinking to cut down the high cost of living, be put on notice that dog food is not for human beings.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 28, 1952, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1952. Schauer, J., was of the opinion that the petition should be granted.