[Civ. No. 21414. Second Dist., Div. Two. July 18, 1956.]

M. MURRAY LAWTON et al., Appellants, v. BOARD OF
MEDICAL EXAMINERS, Respondent.

Ralph C. Curren and Lawrence Loopesko for Appellants.

Edmund G. Brown, Attorney General, Howard S. Goldin and W. B. Thayer, Deputy Attorneys General, for Respondent.

MOORE, P. J.—A general demurrer to the complaint for injunction having been sustained, judgment of dismissal was duly entered. ▆▆ The questions posed by the appeal are whether an instructor in a school for training dental and medical assistants may have "M.D." after his name wherever it appears on the doors of the school or on printed matter, although he is not a licensed physician in the State of California? Is the deprivation of his right thus to advertise his name actionable? Does such deprivation infringe upon his freedom of speech and press? Does section 2142 of Business and Professions Code* contravene section 24, article IV of the state's Constitution?

---

*Section 24, article IV of the state Constitution includes:
"Every act shall embrace but one subject, which subject shall be expressed in its title."
Chapter 414 of the Statutes of 1937 was:
"An act to add Chapter 5, comprising sections 2000 to 2496, inclusive, to Division II and to add section 30003 to Division XXX of the

M. Murray Lawton, appellant, is a graduate of an Ohio school of medicine. He practiced medicine in Ohio for a number of years prior to his founding the Lawton School for Medical Assistants in California. On October 23, 1952, the Board of Medical Examiners caused to be filed in Beverly Hills Municipal Court a complaint alleging violation of section 2142 by appellant by reason of his having used the letters "M.D." following his name in advertising matter put out by the "Lawton School" where medical and dental assistants were being instructed. He was found guilty and a fine was imposed. An affirmance of the judgment by the appellate department of the superior court was followed by this action for injunction against the Board of Medical Examiners to prevent further such criminal prosecutions by the board. A judgment of dismissal having been entered, he now seeks a reversal.

Contending that because he was not engaged in the practice of medicine section 2142 could not in reason apply to him, he argues that it is unconstitutional as to him inasmuch as it deprives him of a valuable property right, to wit, the right to the use of the letters "M.D." to indicate the area of his professional training. Conceding, *arguendo,* that appellant has a property right in the significant letters, yet it must be acknowledged that such right does not take precedence over the public welfare which the section seeks to conserve. It is plainly apparent that the Legislature may well have deemed it wise that those who instruct in the science of medicine should be forced to disclose their educational backgrounds and that they should not be allowed to mislead students into thinking their instructors are licensed to practice medicine in California. If in fact the teachers have had excellent medical training, there is nothing in the law that

Business and Professions Code, *relating to the practice of medicine and surgery and other modes of treating the sick or afflicted* and repealing acts and parts of acts specified herein."

This chapter 414 became effective in 1937 when the 52d Legislature enacted the Business and Professions Code.

Section 2142, Business and Professions Code as amended by Statutes of 1951: "Section 2142. Unauthorized use of word "doctor," etc., a misdemeanor. Any person, who uses in any sign, business card, letterhead or in an advertisement the word "doctor," the letters or prefix "Dr.", the letters "M.D.", or any other term or letters indicating or implying that he is a physician and surgeon, physician, surgeon or practitioner under the terms of this or any other law, or that he is entitled to practice hereunder, or under any other law, without having at the time of so doing a valid, unrevoked certificate as provided in this chapter, is guilty of a misdemeanor."

prevents them from indicating such fact. Medical schools do not uphold equally the same high standards, nor does California maintain reciprocity in the medical field with all other states. The student and the public are entitled to know the qualifications of those who indirectly or directly affect the public welfare as does the medical profession. Neither graduation from a reputable institution nor otherwise sufficient education will excuse the necessity of being certified before a person may advertise his right to adorn his name with Dr. or M.D. Such letters are false insignia when a physician attempts to tell the world he is licensed when in fact he is not.

Whether or not they actually practice here is immaterial. The intent of the Legislature was to shield the public against those who for any reason have not been duly licensed. A similar situation was involved in *Garfield* v. *Board of Medical Examiners*, 99 Cal.App.2d 219, 223 [221 P.2d 705]. There the doctors in question had each been licensed to practice medicine in another state. Question arose as to whether they were mere interns or residents, but the court ruled their exact status was immaterial. So long as they did not possess current, valid licenses, they were not entitled to use the letters "M.D." Appellant herein attempts to distinguish this case by contending that those convicted in the Garfield case were "practicing" medicine whereas he, appellant, had made no attempt to do so. The purpose of section 2142, *supra,* is to protect the public; it is not primarily concerned with what the doctor does with his time. There is no contention on the part of the state that Lawton was practicing medicine. His offense lay in holding himself out as a physician in this state although he does not possess a valid license to do so. The enactment of measures for the protection of society is the exclusive prerogative of the Legislature. Courts are not to be concerned with such statutes unless it is made to appear that the litigant's constitutional right is clearly violated. If it does not so appear, the statue will be regarded as one intended by the lawmakers to promote the general good. It is beyond the scope of appellate review to penetrate the findings of the Legislature to determine that there did not exist such conditions as would justify the enactment. (*People* v. *George,* 42 Cal.App.2d 568, 573 [109 P.2d 404].)

Appellant contends that the so-called invasion of his rights cannot be justified under the police power of the state. The constitutionality of a statute must be upheld

unless its nullity is clearly apparent (*Bernstein* v. *Bush*, 29 Cal.2d 773, 778 [177 P.2d 913]) and all presumptions and intendments are in favor of its validity. (*Ray* v. *Parker*, 15 Cal.2d 275, 280 [101 P.2d 665].) Appellant contends that section 2142 has no relation to the public health or safety as applied to him, and is for that reason unconstitutional. The purpose of the section is defined above. ■ A person in California who holds himself out to the public as a licensed physician and purports to teach here the science of medicine and the art of its practice to students to enable them to pass California examinations is clearly liable under section 2142 and the public is aggrieved by his representing himself in the manner forbidden by the statute. ■ The Legislature intended every person engaged in professional activities properly to represent himself in his true capacity by appropriate title. (*Berry* v. *Alderson*, 59 Cal.App. 729, 732 [211 P. 836].) ''This simple requirement, so easily complied with, was not aimed particularly at the person who was willing to incur the odium of actual fraud, but was designed to offer a much wider protection to the public by assuring to it a reasonable certainty of knowing in every case precisely with whom it was dealing.'' (*Ibid.*) ■ A statute designed to protect the public good must be upheld unless its nullity clearly, positively and unmistakably appears. (*People* v. *Darby*, 114 Cal.App.2d 412, 428 [250 P.2d 743]; *Denny* v. *Watson*, 114 Cal.App.2d 491, 495 [250 P.2d 692].) ■ Where doubt arises as to the correct construction of a statute, such doubt must be resolved if possible in harmony with the Constitution and it cannot be held void for uncertainty if any reasonable and practical construction can be given to its language. (*Lockheed Aircraft Corp.* v. *Superior Court*, 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701].) ■ The wisdom of measures enacted for the protection of the general public is for the Legislature and not for the courts unless a constitutional right is clearly violated by the statute. (*Werner* v. *Southern Calif. Associated Newspapers*, 35 Cal.2d 121, 129 [216 P.2d 825, 13 A.L.R.2d 252]; *People* v. *George*, 42 Cal. App.2d 568, 573 [109 P.2d 404].)

■ Appellant contends that section 2142, *supra*, infringes upon his freedom of speech and press. Such contention is effectively answered by *Lewis Food Co.* v. *State Dept. of Public Health*, 110 Cal.App.2d 759, 762 [243 P.2d 802]. ''To conserve and protect the health of its citizens is a paramount duty of the state, and a fair and reasonable exercise

of the sovereign power . . . it is true that in its legitimate exercise the police power at times works damage to property and even injustice to individuals. Indeed, in its exercise property may in some instances be utterly destroyed. Always the question in every case is whether the statute is within or without the legitimate purview and scope of the power. Is it reasonable? Does it have 'a substantial relation to a legitimate object to be accomplished?' '' (See *Dribin* v. *Superior Court*, 37 Cal.2d 345, 351 [231 P.2d 809, 24 A.L.R.2d 864].)

*In re Porterfield*, 28 Cal.2d 91 [168 P.2d 706, 167 A.L.R. 675], is not in point. It involved an ordinance forbidding solicitation for compensation of memberships in a labor organization. The court there stated that such solicitation may incidentally involve some discussion of questions of a social or economic nature not ordinarily involved in the conduct of other professions. Such activities are a far cry from the facts at bar. Here appellant advertised himself as an M.D., the equivalent of holding himself out as a practicing physician. If he should be permitted to ignore the statute because he thinks his situation is exceptional, every other violator would render his excuse and soon the courts would be engrossed in hearing both honest men and dishonest men explaining why they have violated the law. There is no provision in any constitution that suggests the unrestricted privilege of conducting one's business as he pleases to the detriment of the public welfare or of what the Legislature deemed the general good. Because obedience to the law might be inconvenient or expensive is not a valid excuse for flouting a statute. (*In re Maki*, 56 Cal.App.2d 635, 643 [133 P.2d 64].)

Appellant contends that the section is violative of section 24 of article IV of the Constitution in that its provisions are not germane and cognate to the subject to which the act applies. Section 24 reads in part: ''every act shall embrace but one subject, which subject shall be expressed in its title.'' Appellant contends that the title to chapter 414, Statutes of 1937, (see footnote, *supra*) does not indicate an inhibition of the type of advertising done by appellant. But the title does relate to the ''practice of medicine'' with sufficient clarity to attract the notice of any medical graduate. Moreover, since the first act (Stats. 1907, ch. 212, p. 257) relating to the practice of medicine, the acts pertaining to the healing arts have been codified and every section whose contents concern any activity of the physician has been so

indexed that a person interested can more readily ascertain the provision that concerns him than one could have done by reading the titles of acts as formerly published and with more assurance of success. The code section here involved is simple and its key words clearly indicate the contents of what follows. As to the title of the Act of 1937, it cannot be accused of being a model for suggesting to a person the vice of annexing "M.D." or "Dr." to his name for publicity purposes, unless he shall first be licensed as a practitioner. But by use of the indices to the Business and Professions Code, he will turn to the very sections that concern him.

The strict and narrow interpretation given by appellant to the title of the Act of 1937 is not justified. ▮▮▮ All that is required of a title of any act is that it be reasonably indicative of the legislation contained within the provisions of the statute; it is not essential that an accurate title be employed so long as it is suggestive in any sense of the legislative purpose. It is not required to contain either a catalog or an abstract of the statute. ▮▮▮ Where the title suggests simply the field of legislation included in the text, it will be held sufficient. (*People* v. *Jordan,* 172 Cal. 391, 394 [156 P. 451]; *Matter of Lake,* 89 Cal.App. 390, 394 [265 P. 325].) ▮▮▮ The title of an act may be relied upon in ascertaining the intention of the Legislature, but it cannot be used for the purpose of restraining a positive provision of the statute. (*Heron* v. *Riley,* 209 Cal. 507, 510 [289 P. 160].) ▮▮▮ Furthermore, in California an injunction will not lie to prevent the execution of a public statute by officers of the law for public benefit. (Code Civ. Proc., § 526, subd. 4; *Downing* v. *State Board of Pharmacy,* 85 Cal.App.2d 30, 36 [192 P.2d 39]; *Skinner* v. *Coy,* 13 Cal.2d 407, 424 [90 P.2d 296].) The only exceptions to this rule are where the statute itself is unconstitutional or where the officer of the law is acting illegally. ▮▮▮ Such is not the case here. Inasmuch as section 2142 is a valid statute and is calculated to protect the public welfare, an injunction may not issue to prevent its enforcement.

The judgment is affirmed.

Fox, J., and Ashburn, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 13, 1956. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.