[Civ. No. 26213. Second Dist., Div. Four. May 20, 1963.]

RICHARD H. GARVAI et al., Plaintiffs and Appellants, v. BOARD OF CHIROPRACTIC EXAMINERS, Defendant and Respondent.

Hollopeter & Terry and Charles Hollopeter for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, and Warren J. Abbott, Deputy Attorney General, for Defendant and Respondent.

BURKE, P. J.—This is an appeal from a judgment denying a writ of mandate. The licenses of appellants to practice chiropractic were ordered suspended by the respondent, the Board of Chiropractic Examiners of the State of California (Board), and appellants sought mandate to require respondent to vacate its order of suspension. The cause was submitted to the superior court on the transcript of the proceedings before the Board.

Appellants were charged in separate accusations with having practiced chiropractic under fictitious and assumed names, as "Basic Diagnostic Office," in violation of section 10, subd. (a) of the Chiropractic Initiative Act. A separate cause of action charged that appellants offered their services in newspaper advertisements at a discount or at a price less than the average price regularly charged under like conditions by other licensed chiropractors in violation of section 651 of the Business and Professions Code. The matters against the two appellants were consolidated for all purposes and a hearing was held before a hearing officer. The latter filed his proposed decision in which he found the allegations of the accusations to be true in all counts and recommended that appellants' licenses to practice be suspended for one year. The Board thereafter adopted the proposed decision.

The evidence showed that appellants were employed on salary and bonus as chiropractors by one Greta Gerken, an unlicensed person who operated a chiropractic business called "Basic Diagnostic Office." The Basic Diagnostic Office maintained telephone listings, business cards, bank account, weekly newspaper advertisements, office signs and postcard mailings, all in the name of Basic Diagnostic Office, or abbreviations of that name. The directory at the entrance of the office and the signs displayed on the doctors' desks listed the true names of appellants.

At the hearing appellants testified that neither of them had

anything to do with the business affairs attendant upon the operation of the office. They stated they were employees of Miss Gerken and were paid by her to practice their profession. They asserted that they personally did not assume the name ''Basic Diagnostic'' nor file or operate under a fictitious firm name.

Appellants contend that the evidence did not support a finding of a violation of the Chiropractic Act. The section under which they were charged recites in part that the Board shall refuse to grant or may suspend or revoke a license to practice chiropractic upon any of certain specified grounds, one of which is ''the practice of chiropractic under a false or assumed name.''

It is well established that the findings of the trial court must be upheld if they are supported by substantial evidence, contradicted or uncontradicted. (*Post* v. *Jacobsen*, 180 Cal.App.2d 297, 301-302 [4 Cal.Rptr. 817].)

In *People* v. *La Barre*, 193 Cal. 388, 392 [224 P. 750], the court declared, ''The language of the [Chiropractic] [A]ct itself furnishes convincing proof that it and the Medical Practice Act are to be construed, so far as consistent, *in pari materia*. . . . The act provides for a high standard of ethics and very closely follows in this respect and in procedural regulations the Medical Practice Act.''

Our courts have upheld the legislative mandate against the use of fictitious names or corporate practice by those licensed in the healing arts. ''The Legislature intended every person engaged in professional activities properly to represent himself in his true capacity by appropriate title.'' (*Lawton* v. *Board of Medical Examiners*, 143 Cal.App.2d 256, 261 [299 P.2d 362].)

''This simple requirement [of using a doctor's true name], so easily complied with, was not aimed particularly at the person who was willing to incur the odium of actual fraud, but was designed to offer a much wider protection to the public by assuring to it a reasonable certainty of knowing in every case precisely with whom it was dealing, the importance of the relation of physician and patient, and the very serious consequences which might follow improper, unskillful or negligent treatment, rendering such openness and candor particularly desirable.'' (*Berry* v. *Alderson*, 59 Cal.App. 729, 732-733 [211 P. 836]; *Painless Parker* v. *Board of Dental Examiners*, 216 Cal. 285, 295 [14 P.2d 67].)

In the last mentioned case, Dentist Parker attempted to uphold his activities by separating the professional side of his operations from the business side, but the court pointed out the fallacy of this argument, stating that "If the contention of appellant be sound, then the proprietor of the business may be guilty of gross misconduct in its management and violate all standards which a licensed dentist would be required to respect and stand immune from any regulatory supervision whatsoever. His employee, the licensed dentist, would also be immune from discipline upon the ground that he was but a mere employee and was not responsible for his employer's misconduct, whether the employer be a corporation or a natural person. On grounds of public policy such a condition could not be countenanced." (*Painless Parker* v. *Board of Dental Examiners, supra,* 216 Cal. 285, at 296.)

Appellants claim that the language of section 10, subd. (a) contemplates that chiropractors may be employees. In becoming an employee, however, one licensed in the healing arts may not violate public policy prohibiting the use of fictitious names by means of such employment. (See *Messner* v. *Board of Dental Examiners,* 87 Cal.App. 199 [262 P. 58].

As with medical doctors and dentists, the prohibition is not against one licensed to practice the particular profession hiring another who is also licensed. The prohibition is against one licensed being employed by one not so licensed. In fact, section 15 of the Chiropractic Initiative Act makes it a crime to engage in the unlicensed practice of chiropractic.

The evidence substantially supported the findings that appellants did practice chiropractic under an assumed name as charged.

Appellants also contend that the evidence does not support the charge that they violated section 651 of the Business and Professions Code by causing and permitting advertisements offering chiropractic services at a discount. The respondent Board found that appellants on numerous occasions had caused and permitted written advertisements to appear which violated the section; also they permitted postcards to be mailed to various persons, which postcards contained advertising matter which violated the section. The trial court found that, in two particulars, appellants did in fact violate this section, pointing out that what is prohibited by the section is to offer to render services under a representation that the fee to be charged is less than the regular fee. (*Cozad* v.

*Board of Chiropractic Examiners,* 153 Cal.App.2d 249, 253 [314 P.2d 500].)

The first of the two exhibits singled out by the trial court, as violative of the section, read in part, "We are so sure that we can help you that we will give you the first treatment, including an ear examination, for only $3. Please bring this ad with you." The second exhibit read in part, "In order to acquaint the public with our offices, we offer our thorough examination for only $1. Please present this card within 10 days." Appellants claim that the phrases, "Please bring this ad with you" and "Please present this card within 10 days," were designed only to determine the effectiveness of their advertising. Read in their context, however, clearly they can be said to indicate that the presentation of the ad will result in a discount of one kind or another. Appellants must be charged with the latter meaning: ▉ "The use of a word having a double meaning is a common device of those desiring to deceive or mislead others. One who does this cannot escape the charge of misleading or deceiving by saying that to him, or as he meant the words, they were true. [Citations.]" (*Smulson* v. *Board of Dental Examiners,* 47 Cal. App.2d 584, 590 [118 P.2d 483].)

▉ Appellants assert that in *Cozad* v. *Board of Chiropractic Examiners, supra,* 153 Cal.App.2d 249, the advertisement plainly stated that as an introductory offer of the advertiser the patient could receive a $5 examination for $1. Thus, it was a representation that the fee to be charged was less than the regular fee. Here appellants assert neither ad in question represented or implied that there was any discount. Appellants point out that there was not one word of testimony in the entire record that disclosed what price would be charged by other chiropractors for a similar examination, nor was there any evidence that a greater charge would ever be made by chiropractors for the same examination. As has been pointed out, however, the vice in the advertisements in question is that they purport to offer services at a discount whether true or not. A reasonable construction of the ads in question sustains the findings of the Board and of the court that they were in violation of the law.

The writ of supersedeas heretofore issued is discharged and the judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.