COLE, P. J.
I concur in affirming the conviction under count I, but I do so only under the compulsion of Lawton v. Board of Medical Examiners (1956) 143 Cal.App.2d 256 [299 P.2d 362]. Most of the arguments made in favor of upholding the constitutionality of the statute are, in my mind, cogent reasons for finding it to be overbroad. Of course, it is granted that California has a valid interest in regulating those who practice medicine in this state and in preventing those not licensed to practice medicine from falsely claiming that they can.
But the effect of section 2142 of the Business and Professions Code is to suppress true statements, and thus infringe on First Amendment values, without the need to do so. The drawing of statutory lines is, of *Supp. 15 course, for the Legislature. But courts have not hesitated to strike down overbroad statutes where the Legislature has failed to act. I see no reason why a person such as this appellant, not licensed in this state, cannot validly use in a sign, business card, letterhead or advertisement either the phrase “Dr.” or the phrase “M.D.” where in fact the person is the holder of a valid degree entitling him or her to use that phrase, so long as no representation is made, expressly or impliedly, that a California license is implied. Why should one holding a degree of medical doctor from a foreign university not be able so to identify himself on his business card or letterhead? If confusion is thought to reign, perhaps a phrase such as “not licensed in California” might be added. But even such a phrase would not save one from the dragnet of section 2142. That is an intolerable intrusion on the First Amendment. I hope that a court higher on the judicial totem pole than this court will take a further look at the problem.
I concur in the balance of the majority opinion for the reasons stated therein.