[Crim. No. 3410. Second Appellate District, Division Two.—January 22, 1941.]

THE PEOPLE, Respondent, v. SAMUEL GEORGE, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Appellant and his codefendant Farrell were accused by information of the crime of arson (count 1) and of burning insured property (count 2). Count 1 is based upon section 447a of the Penal Code while count 2 is based upon section 548 of the Penal Code. Both defendants were convicted. Motion for a new trial was granted as to Farrell but from the order denying his motion and from the judgment appellant has appealed.

The sole ground of appeal is that the conviction for the burning of his own dwelling is a violation of his right to dispose of his property and deprives him of equal protection of the laws guaranteed by the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The defendants were owners of a residence known as 3006 5th Avenue, in the city of Los Angeles. Prior to July 5, 1940, the dwelling was occupied by tenants who on that day, pursuant to the request of appellant, vacated the premises. On the evening of July 10, 1940, about 11 o'clock P. M., one Nelson, occupant of the house on the adjoining lot observed a man and woman going into the rear of the premises of

appellant's property from the alleyway; saw them deposit by the garage two packages of the size of five gallon tins wrapped in newspaper and then return to the alley. His description of the man who had deposited the packages tallied with that of appellant. After Nelson had retired, some eight minutes later, on peering through the window of his bedroom, he saw the same two persons return and quietly make two or three trips on tiptoe to the back door of the same dwelling. Ten minutes later, an explosion occurred and the dwelling was instantly in a mass of flames. Nelson had seen the appellant on four occasions before the day of the fire and pointed out appellant in the court room as resembling the man who had made the nocturnal entries into the rear of his tenantless house. Appellant was identified in the court room by two witnesses as the man who ran from the scene of the fire under a very strong street light. The explosion caused an immense fire in the two bedrooms, living room and dining room. Within a short time after the fire was extinguished, an investigator of the arson bureau of the Los Angeles Fire Department found that various seams and joints of the floor in the dwelling were charred in various locations and the baseboards throughout the entire dwelling were blistered. At other points the timbers were completely burned or charred. The investigator detected an odor like that of kerosene through the entire building. Plaintiff had taken out insurance on this property in the sum of $3,000, which was in effect on the day of the fire. The property had been purchased in August, 1937, by appellant and his codefendant at a price of $3,000 with a down payment of $200. On the day of the fire they still owned it and there was due on the purchase price the sum of $2,000.

Inasmuch as the appeal is aimed to establish the unconstitutionality of section 447a of the Penal Code, we shall confine our discussion to that proposition since the validity of section 548, which denounces as a felony the burning of any property to defraud the insurer,—the crime charged in count 2—is conceded.

Section 447a of the Penal Code reads as follows: "Any person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging

to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years.'' Appellant contends that the quoted section was enacted solely for the protection of dwelling houses from destruction by fire; that it is unreasonable and arbitrary in that it makes it unlawful for a man to burn his own unoccupied dwelling, inanimate property, and that the section indicates no intention of the legislature to protect human beings or to safeguard public property.

In 1929 section 447 of the Penal Code was repealed. That section denounced as arson the burning of the property of another, a crime at common law. It was then no offense to burn one's own dwelling. Under that section, it was necessary in charging arson to aver ownership of the building in another or that another rightfully occupied the building. Contemporaneously with the repeal of section 447, the legislature enacted as a part of the title on ''Crimes against Property'' and as a part of the chapter on ''Arson'', sections 447a, 448a and 449a, which forbade respectively the willful and malicious burning of any dwelling house; the burning of a stable, barn or garage, etc.; burning of a crib, stack of hay, etc., belonging to another and of a value in excess of $25.

In making his claims appellant has ignored the presence of three words in the statute, to wit, ''wilfully and maliciously''. Unless one burns his own property with malice, that is with a wish to injure another person or to do a wrongful act (Pen. Code, sec. 7, subd. 4) he could not be fairly accused of violating the section. Likewise though he may have every wish to do a wrongful act, an accidental burning of his own property would not be a violation. To constitute the crime denounced by the section, it must be both a willful and a malicious act. Consequently, if he sets fire to property which he, himself, has created or constructed, with the intention to injure another, he has done the act denounced by the section as a crime against property and as an act of arson. If defendant's house stood in such close proximity to that of his neighbor as would permit a flame from his own house to extend to and ignite the latter, or if his house contained chattels belonging to his neighbor, or if his neighbor had insured defendant's property against destruction by fire, then there could be no doubt that setting fire to his own house

would necessarily have been with an intent to injure another. Whether the act of burning his own house was willful and malicious was a question of fact determined by the jury from all the evidence in the case. It is the willfulness and malice of the act inhibited by the section which is a limitation upon his right to dispose of his own dwelling and which makes the statute a proper exercise of police power. "Every holder of property, however absolute and unqualified may be his title, holds it under the implied liability that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the community". (Cooley's Constitutional Limitations, 8th ed., Vol. 2, p. 1225.) Where a statute denounces as a felony the "wilful and malicious" burning or setting fire to any dwelling it is not an arbitrary interference with the owner's property right. Neither is the statute too indefinite to constitute a reasonable standard of conduct. (*Love* v. *State*, 107 Fla. 376 [144 So. 843].) "Society would be without protection in circumstances such as these, were it not possible to provide for prevention of wilful and malicious burning of dwellings. . . . There does not seem to be a suggestion of any doubt as to the constitutionality of the law". (*Voss* v. *State*, 204 Wis. 432 [236 N. W. 128].) Where the statute is found in the chapter defining "offenses against property" it does not offend the Constitution. (*People* v. *Chimovitz*, 237 Mich. 247 [211 N. W. 650].) "The general terms of a statute are subject to implied exceptions founded on the rules of public policy and the maxims of natural justice so as to avoid absurd and unjust consequences". (Lewis' Sutherland, Statutory Construction, 2d ed., p. 741.)

Appellant contends that his right to the equal protection of laws, as guaranteed by the XIVth Amendment is violated by the judgment and the statute under which the indictment was drawn. He argues that there is no logical difference between a dwelling house and a pile of lumber or trash or other combustible material distinguishable from the standpoint of public interest. But it is strictly within the province of the legislature to determine whether the public interest is to be served by defining certain acts as crimes. In view of the frequently reported burning by owners of their dwellings and outhouses, it cannot be said that the legislature was un-

reasonable or arbitrary in forbidding the owner of a dwelling to destroy his property with intent to injure another. Moreover, because of the close proximity of most dwellings to buildings that house human beings or that house property of substantial value, the legislature acted well within the scope of its power in denouncing such an act as a crime. Unless we can say, therefore, that the legislature exceeded its constitutional limitations in declaring that the malicious destruction by a party of his own dwelling is a felony, the statute is valid.

Appellant contends that the classification of the dwelling by section 447a is arbitrary and capricious and that such classification is not based upon a distinction which affects public health or safety. But loss need not affect every man, woman and child exactly alike in order to avoid the constitutional prohibition against equality. ██ Under the equal protection guaranty of the XIVth Amendment, the legislature may make a reasonable classification which is based upon substantial differences and which has a ''reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved. The equal protection clause does not forbid discrimination with respect to things that are different.'' (12 Am. Jur., sec. 469, p. 131; *Keokee Consol. Coke Co.* v. *Taylor*, 234 U. S. 224 [34 Sup. Ct. 856, 58 L. Ed. 1288].) ██ The enactment of laws for the protection of society is for the legislature and not for the courts unless a constitutional right is clearly violated by the statute. The courts must view such a statute as section 447a as intended to promote the general welfare and to protect the public interest. It is beyond our province to go behind the findings of the legislature and determine that there did not exist conditions which would justify the enactment. It is only when, beyond reasonable doubt, all rational men would agree that the factual background did not warrant the enactment of a statute which was ostensibly designed to preserve the general welfare that we can say that a statute is arbitrary and capricious. If it be not thus rendered void, it is the fruitage of the proper exercise of police power. (*In the Matter of the Application of Miller,* 162 Cal. 687 [124 Pac. 427].) Therefore, it cannot be said upon a review of the statute and the authorities that the code section under consideration de-

nies appellant equal protection of the laws guaranteed by the federal Constitution.

The order and judgment are affirmed.

Wood, J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 20, 1941. Curtis, J., Houser, J., and Carter, J., voted for a hearing.