# FRANK J. STEPHENS v. STATE.

No. A-10186.   Jan. 14, 1942.
(121 P. 2d 326.)

Loys W. Criswell, of Stroud, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Frank J. Stephens, was charged in the district court of Jackson county with the commission of the crime of bigamy, a third and subsequent felony, was tried, convicted, and sentenced to serve 21 months in the State Penitentiary, and has appealed to this court.

Only two contentions have been presented, to wit:

(1) The court erred in allowing the county attorney to amend the information in a matter of substance after the jury had been impaneled and sworn to try the cause.

(2) The punishment imposed was excessive.

The information, in so far as it relates to the crime of bigamy, the charge upon which the defendant was convicted, alleges as follows:

"That the said Frank J. Stephens, alias Frank Stevens, in Kiowa county, State of Oklahoma, and on or about the 16th day of December, 1929, marry and take to himself as a wife, one Zelpha Tomes, who was thereafter known as Zelpha Stephens. That on or about the 3rd day of June, 1941, the said Zelpha Stephens did file suit for divorce in the district court of Kiowa county, State of Oklahoma, in case No. 8563. That thereafter and on or about the 3rd day of June, 1941, the said Frank J. Stephens, alias Frank Stevens, did cause to be filed in said case or divorce action, his general appearance and waiver of summons. That thereafter and on the 18th day of June, 1941, said cause came regularly on for hearing and the court judicially determined that the said Zelpha Stephens was entitled to a divorce and granted her such divorce by journal entry of decree as of that date.

"That thereafter and within six (6) months from the date of said decree of divorcement, to wit: on the

9th day of August, 1941, the said Frank J. Stephens, alias Frank Stevens, in Altus, Jackson county, Oklahoma, did then and there, wilfully, knowingly, unlawfully, bigamously and feloniously, marry and take to himself as his wife, one Susie Audine Humphrey, hereinafter known as Susie Audine Stephens, she being a single person and not having been married to or the wife of the said Frank J. Stephens, alias Frank Stevens, prior to this said time."

Upon arraignment of the defendant, the defendant through his counsel filed a demurrer to the information, alleging that the information failed to state an offense under the laws of Oklahoma. The demurrer was overruled with exceptions allowed the defendant, and a plea of not guilty was thereupon entered. After a jury had been impaneled and sworn to try the case, the county attorney made his opening statement and commenced the introduction of evidence. The defendant through his counsel interposed an objection to the introduction of any evidence for and on behalf of the state for the reason that the information wholly failed to state or allege an offense, and specifically called the court's attention to the fact that the information failed to allege that at the time of the second marriage of the defendant he had a living wife. Thereupon, the county attorney asked leave to amend the information by inserting the following:

"The said Frank J. Stephens, alias Frank Stevens, then and there at the date of this second marriage having a living wife, to wit: Zelpha Stephens."

The court thereupon, over the objection and exception of the defendant, permitted such amendment to be made; the trial proceeded, resulting in a conviction of the defendant.

It is urged by the defendant that the court erred in allowing an amendment in substance to the information after the jury was impaneled and sworn, and that

the defendant having been placed in jeopardy, the cause should be reversed and ordered dismissed.

Section 2830, O. S. 1931, 22 Okla. St. Ann. § 304, is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Counsel for defendant makes no contention in his argument or brief that the information prejudiced him in any manner or that said amendment came as a surprise, or that he needed a continuance to further prepare for trial in order to meet the allegations of the amended information, but he cites and relies upon the rule of law laid down in the cases of Bohannan v. State, 11 Okla. Cr. 69, 142 P. 1092, and Pozzini v. State, 7 Okla. Cr. 692, 126 P. 1040.

In the recent case of Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, the apparent conflict in decisions of this court construing this statute was reviewed, and the amendment to the information in that case was sustained.

In the case of Arms v. State, 49 Okla. Cr. 34, 292 P. 76, it is held:

"An information may be amended in matters of either form or substance when it can be done without prejudice to the rights of the accused."

See, also, in this connection, Ward v. State, 34 Okla. Cr. 296, 246 P. 664; Hammons v. State, 47 Okla. Cr. 297, 287 P. 1076; Little v. State, 21 Okla. Cr. 1, 204 P. 305.

This is one of those cases that probably would never have been filed except for the bad reputation of the defendant on account of two former convictions for felonies.

At the time the defendant was divorced by his wife, he was a resident of California. The wife, however, obtained the divorce in Oklahoma. The second marriage was two months later in Oklahoma. No attempt was made to keep it a secret. There is good reason to believe that the defendant thought that he had a right to remarry under the law at any time after the decree was granted, even though the six months' period had not elapsed. While such a reason is no legal excuse for the commission of a crime, it is entitled to consideration in mitigation of punishment.

We are inclined to think that the punishment imposed was excessive, and that this severe term was assessed the defendant solely because of his unsavory reputation.

The defendant was unable to make an appeal bond, and has been incarcerated in the State Penitentiary since October 2, 1941. While there is some merit to defendant's contention that the court erred in allowing the amendment to the information after the commencement of the trial, we have come to the conclusion, in view of statements made by counsel for defendant and the Attorney General at the time of the presentation of this case by oral argument, that the interests of both the state and the defendant would be better served by overruling this contention of the defendant, affirming the case, and modifying the judgment, rather than reversing the case and ordering a new trial.

The defendant has already served four months in the State Penitentiary, which is a very substantial sentence in proportion to the seriousness of the crime that was committed. He apparently has no defense to this charge, and to reverse this case would require him to lose the benefit of the time that he has served in the penitentiary.

It is our opinion that the punishment imposed herein is a cruel and excessive punishment under the record in this case, and that the ends of justice will be met by modifying the sentence imposed upon the defendant from 21 months in the State Penitentiary to nine months in the State Penitentiary.

Under section 674, O. S. 1931, 12 Okla. St. Ann., § 1280, it has been made unlawful for any person who has a living husband or wife to marry another person within six months from the date of a decree of divorcement, granted in this state, and cohabit with such husband or wife in this state during said period.

Section 675, O. S. 1931, 12 Okla. St. Ann. § 1281, provides that the punishment shall be not less than one year nor more than three years upon conviction for said offense.

The state did not prosecute the defendant under this statute, but elected to prosecute him under the habitual criminal statute, section 1817 (2), O. S. 1931, 21 Okla. St. Ann. § 51. The punishment that may be imposed upon him under this statute may be any term in the penitentiary not exceeding ten years.

The defendant was found guilty under section 1817, supra, rather than section 675, supra. We cite these statutes, as some question has been raised as to whether under the prosecution herein the punishment could be modified to less than one year in the State Penitentiary.

It is therefore ordered that the judgment of the district court of Jackson county herein be modified from a sentence of 21 months in the State Penitentiary to a sentence of nine months in the State Penitentiary, and the judgment as thus modified is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.