200 P.2d 1007

**STATE ex rel. HAWORTH v. BERNTSEN et ux.**

**No. 7478.**

Supreme Court of Idaho.

Dec. 16, 1948.

Robert E. Smylie, Atty. Gen., John A. Carver, Jr., Asst. Atty. Gen., of Boise, and Earle W. Morgan, Pros. Atty., of Lewiston, for appellant.

Cox, Ware, & Stellmon, of Lewiston, for respondents.

HYATT, Justice.

This is an action by the State of Idaho on the relation of its Tax Commissioner to recover income taxes for the years 1944, 1945 and 1946 from Alfred D. Berntsen and Gertrude Berntsen, his wife, both of whom, at all times herein mentioned, were residents of Asotin County, Washington and citizens of said state and of the United States.

From the complaint, answer, and stipulation in aid thereof, it further appears that Alfred D. Berntsen was employed during said years by Potlatch Forests, Inc. in its mill in Nez Perce County, Idaho, and his entire income for those years was derived from his services rendered for said company in this state. The defendants have three minor sons, two of whom were dependents throughout 1944, 1945, and 1946, and a third son who was a dependent during all of 1944, and the first 9 months of 1945.

It further appears that the tax commissioner in computing the tax sued for, allowed defendants the same exemptions as residents of Idaho. Defendants, however, having refused to file a return, refused to pay the tax, basing their refusals on the

ground that the income tax law is unconstitutional and void as to them, for the reason it violates the first paragraph of Section 2, Article IV of the United States Constitution which provides: "The citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

and also Section 1 of the 14th Amendment to said Constitution which in part provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

Section 61-2410, I.C.A., as amended by Chapter 30 of the 1935 1st, Extra. Session laws (in effect for the years here involved), provides in part: "Individuals' Tax.— There shall be levied, assessed, collected and paid for each taxable year upon every individual subject to the provisions of this Chapter, a tax which shall be according to and measured by his net income, after making an allowance for exemptions and deductions as in this Chapter provided, and such tax shall be computed at the following rates, to-wit: * * *."

Section 61-2416, I.C.A., as amended by Chapter 159, 1933 laws (in effect for the years here involved) provides:

"Net income of non-resident individuals, and any corporation subject to tax under this chapter.

"(a). In the case of a non-resident individual to the extent that he has a business situs in the State of Idaho, or any corporation subject to tax under this chapter, the following items of gross income shall be treated as income from sources within the State of Idaho:

"1. * * *.

"2. Compensation for labor or personal services performed in the state;"

Section 61-2413, I.C.A., as amended by Section 3, Chapter 178, 1941 laws (in effect for the years here involved), after enumerating and listing allowable deductions, provides: "b. In the case of a non-resident individual, the deductions allowed in subdivision (a), except those allowed in paragraphs 5, 6, and 10, shall be allowed only if and to the extent that they are connected with income from sources within the State of Idaho; and the proper apportionment and allocation of the deductions with respect to sources of income within and without the State of Idaho shall be determined as provided in Section 61-2416 under rules and regulations prescribed by the commissioner."

Section 61-2415, I.C.A., as amended by Chapter 159, 1933 laws (in effect for the years here involved), provides in part: (Emphasis ours.)

"Credits allowed individuals.—a. For the purpose of the tax there shall be allowed the following credits against net income of *resident individuals:*

"1. In the case of a single person, a personal exemption of $700.00; or in the case

of the head of a family or a married person living with husband or wife, a personal exemption of $1500.00. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $1500.00. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

"2. $200.00 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

"3. * * *.

"b. For the purpose of the tax, *non-resident individuals, whether married or single, shall be entitled to a personal exemption of $700.00, but no credit for dependents shall be allowed.*"

From the foregoing section, it plainly and unambiguously appears it was the intention of the Legislature to give residents in the same factual situation as the defendants, a credit against net income of $1,500 and $200 for each dependent, but to non-residents, similarly situated, a credit of only $700.

Respondents concede the right of this state to assess against non-residents an income tax based upon earnings for personal services performed therein. This has been settled by the Supreme Court of the United States in Shaffer v. Carter, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445. They do, however, deny the right to assess such tax under the law as now written, giving residents such an advantage over non-residents in regard to exemptions or credits against net income.

This contention has been previously answered in respondents' favor by the Supreme Court of the United States in Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 40 S.Ct. 228, 229, 64 L.Ed. 460, involving the income tax law of the state of New York. For a convenient summary of that law, we quote from the case as follows:

"The act (section 351) imposes an annual tax upon every resident of the state with respect to his net income as defined in the act, at specified rates, and provides also: 'A like tax is hereby imposed and shall be levied, collected and paid annually, at the rates specified in this section, upon and with respect to the entire net income as herein defined, except as hereinafter provided, from all property owned and from every business, trade, profession or occupation carried on in this state by natural persons not residents of the state.'

"Section 359 defines gross income, and contains this paragraph: '3. In the case of taxpayers other than residents, gross income includes only the gross income from sources within the state, but shall not include annuities, interest on bank deposits, interest on bonds, notes or other interest-bearing obligations or dividends from cor-

porations, except to the extent to which the same shall be a part of income from any business, trade, profession, or occupation carried on in this state subject to taxation under this article.'

"In Section 360 provision is made for deducting in the computation of net income expenses, taxes, losses, depreciation charges, etc.; but, by paragraph 11 of the same section: 'in the case of a taxpayer other than a resident of the state the deductions allowed in this section shall be allowed only if, and to the extent that, they are connected with income arising from sources within the state. * * *.'

"By Section 362, certain exemptions are allowed to any resident individual taxpayer, viz., in the case of a single person a personal exemption of $1,000, in the case of the head of a family or a married person living with husband or wife, $2,000; and $200 additional for each dependent person under 18 years of age or mentally or physically defective.

"The next section reads as follows: 'Sec. 363. Credit for Taxes in Case of Taxpayers Other Than Residents of the State.— Whenever a taxpayer other than a resident of the state has become liable to income tax to the state or country where he resides upon his net income for the taxable year, derived from sources within this state and subject to taxation under this article, the comptroller shall credit the amount of income tax payable by him under this article with such proportion of the tax so payable by him to the state or country where he resides as his income subject to taxation under this article bears to his entire income upon which the tax so payable to such other state or country was imposed; provided that such credit shall be allowed only if the laws of said state or country grant a substantially similar credit to residents of this state subject to income tax under such laws'."

As appears from said summary, the New York Law actually gave no exemption to non-residents. The court said:

"That the state of New York has jurisdiction to impose a tax of this kind upon the incomes of nonresidents arising from any business, trade, profession, or occupation carried on within its borders, enforcing payment so far as it can by the exercise of a just control over persons and property within the state, as by garnishment of credits (of which the withholding provision of the New York law is the practical equivalent), and that such a tax, so enforced, does not violate the due process of law provision of the Fourteenth Amendment, is settled by our decision in Shaffer v. Carter, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445, this day announced involving the Income Tax Law of the state of Oklahoma.

"That there is no unconstitutional discrimination against citizens of other states in confining the deduction of expenses, losses, etc., in the case of nonresident tax-

payers, to such as are connected with income arising from sources within the taxing state, likewise is settled by that decision.

* * *

"The nature and effect of the crucial discrimination in the present case are manifest. Section 362, in the case of residents, exempts from taxation $1,000 of the income of a single person, $2,000 in the case of a married person, and $200 additional for each dependent. A nonresident taxpayer has no similar exemptions; but by section 363, if liable to an income tax in his own state, including income derived from sources within New York and subject to taxation under this act, he is entitled to a credit upon the income tax otherwise payable to the state of New York by the same proportion of the tax payable to the state of his residence as his income subject to taxation by the New York act bears to his entire income taxed in his own state: 'provided, that such credit shall be allowed only if the laws of said state * * * grant a substantially similar credit to residents of this state subject to income tax under such laws.'

"In the concrete, the particular incidence of the discrimination is upon citizens of Connecticut and New Jersey, neither of which states has an income tax law. A considerable number of complainant's employes, residents and citizens of one or the other of those states, spend their working time at its office in the city of New York, and earn their salaries there. The case is typical; it being a matter of common knowledge that from necessity, due to the geographical situation of that city, in close proximity to the neighboring states, many thousands of men and women, residents and citizens of those states, go daily from their homes to the city and earn their livelihood there. They pursue their several occupations side by side with residents of the state of New York—in effect competing with them as to wages, salaries, and other terms of employment.

"Whether they must pay a tax upon the first $1,000 or $2,000 of income, while their associates and competitors who reside in New York do not, makes a substantial difference. Under the circumstances as disclosed, we are unable to find adequate ground for the discrimination, and are constrained to hold that it is an unwarranted denial to the citizens of Connecticut and New Jersey of the privileges and immunities enjoyed by citizens of New York. This is not a case of occasional or accidental inequality due to circumstances personal to the taxpayer (see Amoskeag Sav. Bank [of Manchester, N. H.] v. Purdy, 231 U.S. 373, 393, 394, 34 S.Ct. 114, 58 L.Ed. 274, [282, 283]; Maxwell v. Bugbee, 250 U.S. 525, 543, 40 S.Ct. 2, 63 L.Ed. 1124 [1132]); but a general rule, operating to the disadvantage of all nonresidents including those who are citizens of the neighboring states, and favoring all resi-

dents including those who are citizens of the taxing state."

For a summary of cases involving "the privileges or immunities" clause of the Federal Constitution, see the opinion of the court below, D. C., 262 F. 576, and for later cases involving the same clause see Toomer v. Witsel, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. ——; (in which North Carolina required a license fee for shrimp boats of $2,500 each from non-residents and only $25 each from residents), and Chalker v. Birmingham & North Western R. R. Co. et al., 249 U.S. 522, 39 S.Ct. 366, 63 L.Ed. 748, (in which Tennessee imposed an annual license tax of $100, in each county, upon a person engaged in railway construction work whose chief office was outside that state but only $25 annually, in each county, upon a person engaged in the same business but having his chief office within the state); and compare State v. Butterfield Live Stock Co., 17 Idaho 441, 106 P. 455, 26 L.R.A.,N.S., 1224, 134 Am.St.Rep. 263, (in which Idaho required of non-residents bringing sheep into the state a grazing fee not required of residents).

■ Under the foregoing authorities, the statute as now written, insofar as it imposes a tax upon these non-resident defendants, is unconstitutional and void for violating Section 2, Article IV of the United States Constitution.

■■ Appellant does not disagree with the principle of the Travis case but argues that since the tax commissioner has interpreted the law to give non-residents the same exemptions or credits as residents and has assessed and determined the taxes sought here on that basis, the constitutional mandate in regard to "privileges and immunities" has not been violated. With this contention we cannot agree. It makes no difference what construction the commissioner put upon the statute. The law is not ambiguous in any way that will justify the application of the rule that a long continued and consistently practiced interpretation of an ambiguous statute by an enforcement official will be given weight by the courts in the interpretation thereof. As was said in People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N.Y. 48, 129 N.E. 202, the constitutional validity of a law is to be tested, not by what has been done under it, but by what may, by its authority, be done.

Although the commissioner has interpreted the law in a certain way, this does not determine what the law actually is or what it means. Another commissioner might follow the wording of the law, which plainly does not give non-residents, such as these defendants, the same exemptions as residents. The statute is unambiguous and we cannot agree with the commissioner's construction thereof. It is impossible to disregard subdivision (b) of Sec. 61-

2415 I.C.A. as amended, supra, and then hold the word "resident" in subdivision (a) thereof to be surplusage in order to obviate the discrimination. The language of the act is too plain for that.

Where the language of a legislative enactment is clear, then the court cannot speculate upon the intention of the legislature, but must accept the interpretation of the act as it appears therein. Empire Copper Co. v. Henderson, 15 Idaho 635, 99 P. 127; Brockman v. Caviness, 61 Idaho 254, 100 P.2d 946; Koon v. Bottolfsen, 66 Idaho 771, 169 P.2d 345.

Nor does the fact that the commissioner's interpretation conforms to and is supported by an unappealed decision of the same district court in another case with other parties lend any strength or give any weight to the argument that because thereof, we should follow the same interpretation, or that the legislature has intended to acquiesce in such construction, or that there is no constitutional violation in the law because such interpretation or construction resulted in none.

It is unnecessary to determine whether the demurrer to the answer searched the record and reached the complaint since appellant has not assigned nor urged error in that regard.

Judgment affirmed. No costs allowed.

GIVENS, C. J., HOLDEN, J., and TAYLOR and SUTPHEN, Dist. JJ., concur.