245 P.2d 788

STATE v. EVANS.

No. 7849.

Supreme Court of Idaho.

June 16, 1952.

Robert E. Smylie, Atty. Gen., Robert M. Kerr, Jr., Prosecuting Atty., Blackfoot, for appellant.

J. Blaine Anderson, Blackfoot, for respondent.

TAYLOR, Justice.

The indictment charges the defendant with the felony of committing lewd and lascivious acts upon and with the body of a female child under the age of 16 years in violation of § 18–6607 I.C., which defines the crime as follows:

"Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the State Prison for a term of not more than life."

Defendant's demurrer is as follows:

"That the facts stated in said Indictment do not constitute a public offense in that Section 18–6607, Idaho Code (S.L. '49, Ch. 214, p. 455) is unconstitutional and therefore void ab initio for the following reasons:

"a. Section 18–6607 denies the defendant the equal protection of the laws of the State of Idaho guaranteed by Section 1 of the 14th Amendment to the Federal Constitution.

"b. Section 18–6607 provides for cruel and unusual punishment in violation of Article 1, Section 6 of the Idaho Constitution.

"c. Section 18–6607 is indefinite and uncertain and by the Indictment under this unconstitutional act defendant is threatened the loss of liberty without due process of law in violation of Article 1, Section 13 of the Idaho Constitution."

The court sustained the demurrer and discharged the defendant. The State appeals.

The equal protection clause of the 14th Amendment establishes the right of citizens of the several states to equal treatment under state law. It recognizes the right of the state, through its legislature, to classify persons and property, based upon reasonable and natural distinctions, to accomplish the legitimate purposes of its police power. If the classification is not unreasonable, arbitrary or capricious, and under it all persons in like circumstances enjoy the same privileges and bear the same burdens, the classification does not deny equal protection of the law. State v. Calloway, 11 Idaho 719, 84 P. 27, 4 L.R.A.,N.S., 109; In re Mallon, 16 Idaho 737, 102 P. 374, 22 L.R.A.,N.S., 1123; State v. Horn, 27 Idaho 782, 152 P. 275; In re Bottjer, 45 Idaho 168, 260 P. 1095; State ex rel. Nielson v. Lindstrom, 68 Ida-

ho 226, 191 P.2d 1009; People v. George, 42 Cal.App.2d 568, 109 P.2d 404; Chenoweth v. State Board of Medical Examiners, 57 Colo. 74, 141 P. 132, 51 L.R.A.,N.S., 958; Ratcliff v. State, 106 Tex.Cr.R. 37, 289 S. W. 1072; Com. of Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43; 16 C.J.S., Constitutional Law, § 489, page 954. Classifications which recognize the need of special safeguards and protection for children are universally recognized. People v. Walton, 70 Cal.App.2d Supp. 862, 161 P.2d 498; 16 C.J.S., Constitutional Law, § 491; 12 Am.Jur., Const. Law, § 498.

■ The inequality urged here is that the specific acts charged in the indictment as a violation of § 18–6607 are inferentially sufficient to charge the crime of assault with intent to commit rape (§ 18–907 I.C.) or some other sex crime the punishment for which is less than that provided by the statute under which the indictment is found. Hence, it is urged that the defendant may be subjected to a sentence of life imprisonment for acts which, if committed by another in like circumstances and charged— in the arbitrary discretion of the prosecuting officer—under another statute, would incur a penalty of only fourteen years or less. Thus, two persons in like circumstances may suffer different penalties, and are, therefore, denied equal protection of the law. A reading of the statutes defining other sex crimes makes it apparent that each deals with distinct and different acts

and conduct by persons in different status or classifications than those set forth in § 18–6607. The nearest in point of definition, and from the similarity of the acts which may constitute the crime, is assault with intent to commit rape (18–907) involving as it does the definition of simple assault, which is as follows:

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." § 18–901 I.C.

When such an assault is coupled with the intent to commit rape, then the crime defined by § 18–907 is committed. The acts enumerated in this definition are not necessarily the same as those described in § 18–6607. When the intent in the two sections is taken into consideration in connection with the acts, it becomes apparent that distinct crimes are defined. If it is urged that the intent to rape is synonymous with the intent of "gratifying the lust or passions or sexual desires," the answer is that the two may also be entirely different. We conclude that the statute does not make an arbitrary or unreasonable classification, and does not deny defendant equal protection of the laws.

The Attorney General, in defending § 18–6607 against defendant's claim that it is offensive to the Fourteenth Amendment, advances the proposition that insofar as it is repugnant to, overlaps, or is inconsistent with the statutory definition of assault with intent to commit rape, that is, where the assault is alleged to have occurred against

56

the person of a female under sixteen, § 18–6607, being a later enactment (1949 S. L. p. 214) repeals the earlier law by implication. What we have said, particularly with reference to the distinction to be drawn as to the intent with which the acts are committed, indicates that the two statutes are not necessarily inconsistent. Storseth v. State, Idaho, 236 P.2d 1004; In re Dalton, Idaho, 243 P.2d 594. In a doubtful case the question as to which statute is applicable would be determined by the proof available as to the specific intent. Then, if the facts were such that a distinction could not thus be drawn, the later statute would control. Herrick v. Gallet, 35 Idaho 13, 204 P. 477; State v. Martinez, 43 Idaho 180, 250 P. 239; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; State v. Casselman, 69 Idaho 237, 205 P.2d 1131; State v. Teninty, 70 Idaho 1, 212 P.2d 412.

 The constitutional provision that "No person shall * * * be deprived of life, liberty or property without due process of law," Idaho Constitution, Art. 1, § 13, requires that the statute defining a crime be sufficiently explicit that all persons subject thereto may know what conduct on their part will subject them to its penalties. It must " 'be sufficiently certain to show what the Legislature intended to prohibit and punish' ". It " 'is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary understanding an adequate description of the evil intended to be prohibited.' " State v. Dingman, 37 Idaho 253, 219 P. 760, 764; State v. Burns, 53 Idaho 418, 23 P.2d 731; State v. Casselman, supra; State v. Campbell, 70 Idaho 408, 219 P.2d 956.

 Respondent contends that the words "lewd" and "lascivious" are of such general import and cover such a wide range of action as to render the statute uncertain. Lascivious is defined to mean wanton, lewd, lustful, licentious, lecherous, libidinous, salacious. Lewd is defined to mean licentious, lecherous, dissolute, sensual, debauched, impure, obscene, salacious, pornographic. Websters New International Dictionary, 2d Ed., Unabridged. Lewd and lascivious are words in common use and the definitions indicate with reasonable certainty the kind and character of acts and conduct which the legislature intended to prohibit and punish, so that a person of ordinary understanding may know what conduct on his part is condemned. Lewdness is a crime at common law. Although, under that law, it is limited to open and public acts of indecency, it bans the same conduct inhibited by the statute. Hence, the common law may be looked to for further definition of terms. Black's Law Dictionary, 3d Ed.; Ballantine's Law Dictionary; 33 Am.Jur., Lewdness, § 2; 53 C.J.S., Lewdness, § 2; State v. Barnett, 60 Okl.Cr. 355, 69 P.2d 77. The requirement that a law creating a crime must be sufficiently explicit to inform those subject to it, what conduct on their part will render

them liable to its penalties, has particular force when applied to statutes creating new offenses unknown to the common law and which, for that reason, may not be generally understood, and are without a source of generally accepted construction. Some of the cases cited deal with such statutes and are therefore not controlling here. State v. Menderson, 57 Ariz. 103, 111 P.2d 622; Nash v. U. S., 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232; Connally v. General Const. Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; Ex parte Bell, 19 Cal.2d 488, 122 P.2d 22.

Moreover, the forbidden acts and conduct are further limited and defined by the specific intent required by the statute. That is, it prohibits only such lewd and lascivious acts as are committed with the intent therein detailed. So the certainty required by due process is present. State v. Omaechevviaria, 27 Idaho 797, 152 P. 280; Omaechevarria v. State of Idaho, 246 U.S. 343, 38 S.Ct. 323, 62 L.Ed. 763; Screws v. U. S., 325 U.S. 91, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495; People v. Sims, 393 Ill. 238, 66 N.E.2d 86. See also: State v. Dingman, 37 Idaho 253, 219 P. 760; State v. Mead, 61 Idaho 449, 102 P.2d 915; Joseph Triner Corp. v. McNeil, 363 Ill. 559, 2 N.E.2d 929, 104 A.L.R. 1435; State v. Bevins, 210 Iowa 1031, 230 N.W. 865; State v. Prejean, 216 La. 1072, 45 So.2d 627; 22 C.J.S., Criminal Law, § 24.

The objection that the statute in question violates Art 1, § 6, of our state constitution prohibiting cruel and unusual punishment, is a more serious one. Both of the parties at bar assume the provisions of § 19–2513 I.C. are applicable to and govern the judgment to be entered upon a conviction under § 18–6607 I.C. The pertinent provisions of § 19–2513 are as follows:

"The minimum period of imprisonment in the penitentiary heretofore provided by law for the punishment of felonies, and each such minimum period of imprisonment for felonies, hereby is abolished. Whenever any person is convicted of having committed a felony, the court shall * * * sentence such offender to imprisonment in the penitentiary for an indeterminate period of time, but stating and fixing in such judgment and sentence the maximum term of imprisonment provided by law therefor, and judgment and sentence shall be given accordingly, and such sentence shall be known as an indeterminate sentence; * * *"

Prior to its amendment in 1947 this section provided for the fixing by the court of both the minimum and maximum sentence within certain limits. As it now stands the minimums in criminal penalties are abolished and the maximum in all cases to which the statute applies must be that fixed by the legislature. Applied to § 18–6607 it would mean that any lewd or lascivious act committed as therein described, no matter how trivial, *must* be punished by life imprisonment. Cruel and unusual punish-

ments were originally regarded as referring to such barbarous impositions as pillory, burning at the stake, breaking on the wheel, drawing and quartering, and the like. But it is now generally recognized that imprisonment for such a length of time as to be out of all proportion to the gravity of the offense committed, and such as to shock the conscience of reasonable men, is cruel and unusual within the meaning of the constitution. Stephens v. State, 73 Okl.Cr. 349, 121 P.2d 326; State v. Ross, 55 Or. 450, 104 P. 596, 106 P. 1022, 42 L.R.A.,N.S., 601; Mickle v. Henrichs, D.C.Nev., 262 F. 687; Harper v. Wall, D.C.N.J., 85 F.Supp. 783; Politano v. Politano, 146 Misc. 792, 262 N.Y.S. 802; McDonald v. Commonwealth, 173 Mass. 322, 53 N.E. 874; State v. Kimbrough, 212 S.C. 348, 46 S.E.2d 273; Nowling v. State, 151 Fla. 584, 10 So.2d 130; State ex rel. Garvey v. Whitaker, 48 La.Ann. 527, 19 So. 457, 35 L.R.A. Note 561, et seq; Weems v. U. S., 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793; 15 Am.Jur., Criminal Law, §§ 524, 525, 535.

Similar statutes, and statutes proscribing similar conduct, but varying in language, are in effect in many of the states. The punishment provided varies from a fine and/or imprisonment in the county jail to a term of years in the penitentiary. These statutes are listed in the foot note together with the maximum prison terms provided, exclusive of fines.[1] Except for California,

1. Arizona Code Annotated 1939, 43–407. 5 years.
California. Deering's Penal Code of California, § 288. Life.
Colorado. Chap. 48, § 65, Laws of Colo. (1935 Stat.Ann.) 10 years.
Connecticut. Gen.Stat. § 8564, 1949 Revision (Vol. III). 10 years.
Delaware. Chap. 81, Laws of Delaware, Vol. 47, 1949. 3 years.
Florida. Acts of 1943, Chap. 21947, § 1, amended by Chap. 26580,
Number 101, Laws of Florida, 1951, F. S.A. § 800.04. 10 years.
Georgia Laws. Number 790, approved Feb. 17, 1950, p. 387. 5 years.
Hawaii. Revised Laws of Hawaii (1945) § 11666. 5 years.
Illinois, Chap. 38, § 109, Vol. One. Ill. Revised Stat.1951. 20 years.
Indiana. Acts 1951 87 Session, Chap. 277. 5 years.
Iowa. Code of Iowa, 1946. Chap. 725, § 725.2, I.C.A. County Jail 6 months.
Kentucky Revised Statutes 1948, § 435.-105. 10 years.

Louisiana. Dart, Code of Criminal Law and Procedure. 1942. Title 5.
Chapter I. Article 740–81, LSA–R.S. 14:81. One year.
Maine. Revised Statutes, 1944, Vol. II, Chap. 121, § 6. 10 years.
Maryland. Article 27, § 545. 1 Annotated Code, 1939. 2 years.
Michigan. Compiled Laws, 1948, § 750–145a. County Jail, one year.
Montana. Vol. 8, Revised Code, 1947, § 94–4106. 5 years.
Nevada Compiled Laws. 1943–1949 Supp. Chap. 14, § 10143. 10 years.
New Jersey Revised Statutes. 1945 Cumulative Supp. Chap. 117,
Sec. 2:117–6.1, N.J.S.A. Misdemeanor.
New Mexico Statutes. 1941 Annotated 1951 Supp. Vol. 341–3421. 5 years.
New York. McKinney's Consolidated Laws of New York, c. 40, Book 39,
1951 Supplement. Section 483-b. One year.
North Dakota Revised Code of 1943. Vol. 1, Chap. 12–3011. 2 years.

none allows a greater maximum than twenty years. It is to be noted the maximums are not mandatory. In California the penalty is "from one year to life." In 1919, when the penalty in that state was "not less than one year" the District Court of Appeal upheld the act as against the contention that it authorized unusual punishment. People v. Camp, 42 Cal.App. 411, 183 P. 845. The present California statute provides for the fixing of the maximum by the Board of Prison Terms and Paroles, after the minimum term or after six months. Deering's Penal Code of Calif. § 1168. We have no such provision. So if our statute were construed as the parties assume, it would make mandatory a punishment not only greater, but far greater, than in any other jurisdiction to which our attention has been directed. It need not be argued that a penalty greater than has ever before been imposed is at least unusual. State v. Driver, 78 N.C. 423.

With considerable justification it is urged that conduct of a comparatively innocent nature, such as "necking" or "petting", where a child under 16 is involved, may, in the eyes of some enforcement officers, constitute a violation of this statute. Be that as it may, it is obvious that acts of a more or less trivial nature are within its broad terms. Life imprisonment for such offenses would be cruel and unusual punishment. Even our rape statute does not require such punishment. Storseth v. State, 72 Idaho 49, 236 P.2d 1004.

We are, therefore, faced with the alternative of declaring the act unconstitutional or so construing it as to comport with that instrument. It is the duty of the courts to uphold the constitutionality of legislative enactments when that can be done by reasonable construction. Scandrett v. Shoshone County, 63 Idaho 46, 116 P.2d 225; State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761.

To construe § 18–6607 as requiring or permitting the district judge in imposing sentence to fix the maximum, and that it may be less than life, is a reasonable construction. The presumption is that the legislature intended to act within the limits of the constitution. State v. Casselman, 69 Idaho 237, 205 P.2d 1131. Therefore, in order to give effect to the act we hold that it is to be construed as permitting the district judge to fix a maximum imprisonment at less than life.

We are not unmindful that the purpose of § 19–2513, as amended, is to permit the state board of pardons to determine the actual period of confinement in any given case. However, neither by our

Oklahoma. Session Laws 1951, Chap. 45, § 1, 45 O.S.1951, § 1123. 5 years.
Utah. Revised Statutes, 1933, 103–7–9, 103–7–8. 5 years.
Vermont. Acts of General Assembly, 1937, § 1, No. 211. 5 years.

Washington, Remington Revised Stat., § 2442 (2) Supp. 20 years.
Wyoming Compiled Statutes 1945, §§ 58–102 and 58–104. Co. Jail 12 months.

constitution nor any statute has the board of pardons or the state board of corrections been given authority to pronounce judgment or impose sentence in criminal cases. Whether or not the legislature could do so is not here for determination. Up to the present time that function belongs to the courts. The function of the board is to deal with clemency.

"The board of pardons belongs to the executive department of the state, and its privilege and prerogative is that of granting clemency. It is a board of clemency rather than a punitive body. Instead of pronouncing judgment and sentence and imposing punishment, its prerogative and authority is that of forgiving offenses and remitting penalties—wiping out judgments and sentences of conviction either in whole or in part. Whenever such board undertakes to increase or extend the penalty or punishment imposed upon a convict by a decree of court, they at once pass beyond the realm of their jurisdiction and authority and infringe upon the judicial power of the state." In re Prout, 12 Idaho 494, 86 P. 275, 5 L.R.A.,N.S., 1064.

Storseth v. State, supra. The board is not a judicial tribunal competent under our law to determine constitutional questions or to construe the provisions of the constitution in doubtful cases. Wanke v. Ziebarth Const. Co., 69 Idaho 64, 202 P.2d 384. We cannot determine the question on the assumption that the board will observe the mandate of the constitution in all cases.

"Pardon, parole or commutation is an act of grace and a matter of discretion, and may be refused. A just sentence is imperative and must not be denied." State v. Kimbrough, 212 S.C. 348, 46 S.E.2d 273, at page 277.

Moreover, the board cannot even consider releasing on parole a person serving a life sentence until he has served at least ten years. § 20–223 I.C., as amended by Chap. 75 1st E.S. '50. The constitutionality of the statute is to be determined not by what has been done, but by what may be done by its authority. State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007.

The judgment appealed from is reversed.

GIVENS, C. J., and PORTER, J., concur.

KEETON, Justice (dissenting).

The constitutionality of the statute challenged here, Sec. 18–6607 I.C. (lewd conduct with minor or child under 16) set forth in the majority opinion was argued to this Court by all parties who appeared, under the assumption that life imprisonment upon a conviction was the mandatory sentence to be imposed. This also is the interpretation placed on it by different district court judges who had occasion to consider it. I view the statute subject to no other interpretation; and that one who is convicted of its violation must, unless the court

suspends judgment, be sentenced to life imprisonment.

Sec. 19–2513 I.C. (indeterminate sentence statute cited in the majority opinion) certainly applicable to the subject now being discussed, is mandatory, and governs the judgment to be entered upon a conviction. There are exceptions to this general rule, for example, where the statute fixing the penalty specifically provides that a life sentence shall be in the discretion of the court. Thus rape, Sec. 18–6104 I.C. permissively authorizes the sentencing judge to fix the punishment at not less than one year. The sentence imposed by the district judge on a conviction of rape, even though it be less than life, is the maximum penalty. Storseth v. State, 72 Idaho 49, 236 P.2d 1004; State v. Linebarger, 71 Idaho 255, 232 P.2d 669.

Sec. 18–6607 I.C., now under consideration, contains no provision for a minimum sentence, and by its terms fixes life imprisonment as the sentence to be imposed.

Sec. 19–2513 I.C. clearly provides that the minimum period of imprisonment in the penitentiary for a felony is abolished, and whenever a person is convicted of a felony, the court *shall* sentence such offender to imprisonment in the penitentiary for a period of time, but stating and fixing in such judgment and sentence the maximum term of imprisonment provided by law, such sentence to be known as an indeterminate sentence.

The maximum term fixed by the statute under consideration, Sec. 18–6607 I.C., is life inmprisonment. It seems to me it necessarily follows that life imprisonment should be imposed on a person convicted of violating its provisions.

If this be so, the majority opinion holds that the statute is unconstitutional, but construes the statute so as to leave the term of imprisonment to be fixed by the district judge. It does not seem to me that Sec. 18–6607 I.C. was so intended, or can be so construed.

The attorney general also contended that the provision of the law challenged was inconsistent with other defined sex offenses, and which were therefore impliedly repealed, so far as covered by the statute under discussion; and contended that if such inconsistent statutes, particularly those that provided a lesser penalty for their violation, were not impliedly repealed, then the statute was, of course, unconstitutional, as not affording equal protection of the law to all persons. With this contention I agree.

The majority opinion further concludes:

"* * * that conduct of a comparatively innocent nature, such as 'necking' or 'petting', where a child under 16 is involved, may, in the eyes of some enforcement officers, constitute a violation of this statute. Be that as it may, it is obvious that acts of a more or less trivial nature are within its broad terms. Life imprisonment for such

offenses would be cruel and unusual punishment."

In other words, a boy 18 years of age, or even less, could, under the holding, and coming within the terms of the statute, in the discretion of the trial court, be sent to the penitentiary for life for engaging in a "necking party" with a girl 15 years, 11 months and 29 days old. There is no statute anywhere in the United States, or anywhere else, that has been called to our attention, that contains such a gross injustice. A man of mature age and discretion committing rape with a girl of the same age could, under the cases above cited, be imprisoned for a maximum term of one year. See Storseth v. State, 72 Idaho 49, 236 P.2d 1004. Other similar comparisons could be given.

Two different persons committing exactly the same offense could, under the statute, be sentenced to different terms of imprisonment in the penitentiary depending on the whim or the wish of the law enforcement officers, or for no reason at all. Such grossly disparaging sentences would not provide all persons with equal protection of the law. A general statute which makes such an arbitrary distinction by prescribing different penalties for the commission of the same act by different persons, and imposing a more severe sentence on one than on the other is clearly unconstitutional and in direct conflict with Art. 1, Sec. 6, Idaho Constitution. See In re Mallon, 16 Idaho 737, 102 P. 374, 22 L.R.A.,N.S., 1123.

A long sentence to the penitentiary which is so disproportionate to the seriousness of the act prohibited has been recognized as cruel and unusual punishment in numerous decisions. See State v. Driver, 78 N.C. 423. In this case the court said "It would seem to be clear that what is greater than has ever before been prescribed or known or inflicted, must be 'excessive, cruel and unusual'." See also, Weems v. U. S., 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705, and note and collection of cases at 725; McDonald v. Commonwealth, 173 Mass. 322, 53 N.E. 874; Mickle v. Henrichs, D.C., 262 F. 687; 15 Am.Jur., Sec. 526, p. 175; Politano v. Politano, 146 Misc. 792, 262 N.Y.S. 802.

It is my opinion that because of the majority holding nothing but confusion will follow. Under conditions that will arise, no one can say with any certainty what crime a person should be prosecuted for, or of what crime he is guilty, or when convicted, what sentence should be imposed. Facts that would bring a defendant within the provisions of the lewd conduct act, Sec. 18–6607 I.C., might under certain circumstances and conditions subject him to prosecution for rape (Sec. 18–6101 I.C.), assault with attempt to commit rape (Sec. 18–907 I.C.), sodomy (Sec. 18–6605 I.C.) and probably other crimes not now apparent.

In numerous circumstances that cannot now be visualized, it would be practically impossible for a prosecuting officer to determine just what offense an offending per-

son had committed, or for what crime he should be prosecuted.

It seems to me it is practically impossible, with any degree of certainty, to determine just what conduct is supposed to be prohibited by Sec. 18–6607 I.C. No one who has presented the matter to the Court has agreed with anyone else on what it is supposed to mean, or just what conduct is prohibited and made criminal. The statute itself fixes no standards, nor does it give any definition of its terms. Whether the statute is meant to be in lieu of other criminal offenses coming within its terms, the statute does not say.

Only perpetual confusion will follow attempts to reconcile the statute in question with other criminal laws. If such confusion can ever be harmonized cannot now be foreseen. The judgment sustaining the demurrer to the indictment should be affirmed.

THOMAS, Justice (dissenting).

I join in the conclusions reached in the dissent of Justice KEETON, but deem it advisable to further explain my grounds for dissent; in doing so I am not unmindful of the worthy and meritorious objective that the Legislature had in mind; such objective is commendable and there is urgent need for further legislation with reference to sex crimes, which apparently is not now adequately provided by other provisions of our statutes; however, it is equally important that any such enactment, no matter how worthy its objective, conform to the invaluable standards provided for by both the Federal and State Constitutions.

The majority opinion construes the statute so as not to provide for cruel and unusual punishment and hence not violative of Article I, Section 6 of the State Constitution. With this I cannot agree.

The statute, Sec. 18–6607, I.C., provides that one found guilty of its violation *shall* be imprisoned in the state penitentiary for a term of not more than life. It provides no minimum sentence and clearly makes life sentence mandatory. While it is not binding on this court, the attorney general's office conceded in the presentation of the case before this court that life imprisonment was mandatory under the statute. With this I am in accord.

While it is the duty of the court to save rather than to destroy a statute, and thus where it can reasonably be done, without doing violence to the plain language of the statute or invading the province of the Legislature, the court should construe a statute so as to save it from being declared unconstitutional.

On the other hand, where the language of the statute is clear, as I believe it to be in this instance, the court cannot speculate upon the intention of the Legislature, much less read something into the statute that is not there, but must accept the interpretation of the Act as it appears from its plain and unambiguous language. State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007.

The majority opinion construes the statute to permit the District Judge imposing

64

sentence to fix the maximum at less than life, while the plain language of the statute construed in para materia with Sec. 19–2513 I.C. provides for a mandatory life sentence. The language will bear no other rational construction; moreover, under the holding of the majority opinion it is conceded that the District Judge could sentence the defendant to life imprisonment. It is a well-recognized principle, recognized by the majority opinion, that the constitutionality of a statute is to be decided, not by what has been done under the law, but by what might be done under it. State v. Berntsen, supra. So testing the statute being considered, the court could sentence the offender to life imprisonment and, as conceded by the majority opinion, life imprisonment under this statute would constitute cruel and unusual punishment. The judgment of the District Judge should be affirmed.