878 P.2d 207

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Scott Robert DuVALT, Defendant–
Appellant.**

**No. 20631.**

Court of Appeals of Idaho.

July 7, 1994.

John L. Stosich, Idaho Falls, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order of the district court denying relief under I.C.R. 35 to correct an allegedly illegal sentence. We conclude that the court properly denied the motion and we affirm the order.

Scott DuValt was sentenced in January, 1987, to the custody of the Board of Correction for a term not to exceed ten years upon his plea of guilty to a robbery he had committed in October, 1986. In April, 1993, DuValt filed a motion under I.C.R. 35 to correct his sentence on the ground that the sentence was illegal. He asserted that his sentence was illegal because the district court, at sentencing and in the judgment of conviction, had failed to declare whether DuValt's sentence was for an indeterminate period or for a fixed period under former I.C. §§ 19–2513 and 19–2513A. In a memorandum submitted with his motion to the district court, DuValt acknowledged that he "was sentenced to an indeterminate ten (10) year sentence." (Clerk's Record p. 38.)[1] However, he argued that because he was not entitled to "good time" credit during the period of his incarceration in the custody of the Board, which was otherwise available under I.C. § 20–101A to inmates whose crimes were committed prior to July 1, 1986, he should be resentenced under the Unified Sentencing Act to an aggregate six-year term with a four-year minimum period of confinement.

The district court denied DuValt's motion. The court concluded that the Unified Sentencing Act, effective February 1, 1987, specifically did not apply to persons who committed offenses prior to the effective date of the Act. *See* 1986 Idaho Sess.Laws, ch. 232,

---

1. DuValt's recognition of the indeterminate nature of his sentence reflects a similar acknowledgement by the district court in April 1987, where the court, in extending a period of retained jurisdiction over DuValt's case, entered an order reciting in part: "An Order having been previously made by this Court wherein the above-named Defendant was committed to the jurisdiction of the Idaho State Board of Correction for an indeterminate period with this Court retaining jurisdiction for the first 120 days of such commitment...." Likewise, when the district court later relinquished its jurisdiction in March, 1988, after DuValt violated probation, the court entered an order reciting in part: "An order having been previously made by this Court wherein the above-named Defendant was committed to the jurisdiction of the Idaho State Board of Correction for an indeterminate period with this Court retaining jurisdiction for the first 120 days of such commitment...." Finally, when the district court denied a motion for leniency filed by DuValt in the summer of 1988, the order recited: "The defendant after a plea of guilty to the crime of Robbery was sentenced to an indeterminate 10-year sentence with the Court retaining jurisdiction two different times." These statements by the district court sufficiently dispel any doubt as to whether the district judge intended to require a fixed or indeterminate ten-year sentence at the time the sentence was imposed.

sec. 6, p. 639. *See also, State v. Eikelberger,* 71 Idaho 282, 230 P.2d 696 (1951) (one who is convicted of a crime committed prior to the effective date of an act cannot be sentenced except under the law in force when the crime was committed). The court also concluded that the statutory provision for good time credit had been changed in 1986 so that such credit was available only for inmates whose crimes had been committed prior to July 1, 1986. *See* 1986 Idaho Sess.Laws, ch. 322, sec. 1, p. 789. Because DuValt's crime had occurred in October, 1986, the court determined that DuValt was not entitled to the good time credit and that the unavailability of the good time credit was not a justification for resentencing under the inapplicable Unified Sentencing Act. Finally, having found that DuValt's sentence was not illegal, the court considered whether it should modify the sentence under its discretionary authority to grant leniency, but concluded that it was without jurisdiction to do so because the motion had been filed more than 120 days after DuValt's sentence was imposed. *See* I.C.R. 35.[2]

On appeal, DuValt continues to assert that his sentence, when imposed, was illegal because the district court failed to expressly state whether the ten-year sentence was for an indeterminate period or whether it was for a fixed or determinate period. Accordingly, he argues that the district court erred in not granting relief by correcting the alleged illegality through resentencing.

We are not persuaded that DuValt's sentence was illegal when it was imposed and we therefore uphold the district court's denial of DuValt's Rule 35 motion to correct the sentence. DuValt's argument is based upon a strained reading of former I.C. § 19–2513 which provided for the imposition of indeterminate sentences, and former I.C. § 19–2513A which provided for the imposition of fixed (determinate) sentences. DuValt argues that because the district court did not use the terms "indeterminate" or "determinate" when pronouncing his sentence, the court failed to impose a sentence under either statute.

At the time DuValt was sentenced, Idaho Code § 19–2513 provided in relevant part:

> Whenever any person is convicted of having committed a felony, the court shall ... sentence such offender to the custody of the state board of correction for an indeterminate period of time, but stating and fixing in such judgment and sentence a maximum term which term shall be for a period of not less than two (2) years nor exceeding that provided by law therefor, and judgment and sentence shall be given accordingly, and such sentence shall be known as an indeterminate sentence....

This section, enacted in 1970, readopted the law as it had existed in 1957 reflecting the indeterminate sentencing structure in Idaho dating back to 1909.[3] Explaining this system in 1952, our Supreme Court noted that "the purpose of § 19–2513, as amended, is to permit the state board of pardons to determine the actual period of confinement in any given case." *State v. Evans,* 73 Idaho 50, 59, 245 P.2d 788, 794 (1952).

I.C. § 19–2513A, enacted by the legislature in 1977, was intended to modify the existing sentencing law established in then I.C. § 19–2513. Section 19–2513A provided:

> As an alternative to an indeterminate sentence for any person convicted of a felony, the court, in its discretion, may sentence the offender to the custody of the state board of correction for a fixed period of time of not less than two (2) years and not more than the maximum provided by law for said felony.

The purpose of this statute was to provide the district court with discretionary authority

---

2. As an alternative ground for denial of the motion, the district could have—but did not—hold that DuValt had already exhausted his opportunity to seek a reduction of his sentence by virtue of the motion referred to in footnote 1, *ante,* which was previously filed and denied in the summer of 1988. Rule 35 specifically provides that "no defendant may file more than one motion seeking a reduction of sentence under this Rule."

*See State v. Knowlton,* 123 Idaho 916, 854 P.2d 259 (1993).

3. 1970 Idaho Sess.Laws, ch. 143, sec. 1, p. 425; 1957 Idaho Sess.Laws, ch. 47, sec. 1, p. 82; 1947 Idaho Sess.Laws, ch. 46, sec. 1, p. 50; 1911 Idaho Sess.Laws, ch. 200, sec. 1, p. 664; 1909 Idaho Sess.Laws, H.B. 214, sec. 1, p. 82.

to require confinement of a sentenced offender during which the offender could not be paroled. *State v. Rawson*, 100 Idaho 308, 597 P.2d 31 (1979); *State v. Cootz*, 110 Idaho 807, 718 P.2d 1245 (Ct.App.1986); *State v. Miller*, 105 Idaho 838, 673 P.2d 438 (Ct.App. 1983). This provision thus restricted the previously unlimited power of the state Commission of Pardons and Parole noted in *Evans, supra*, to determine when a sentenced offender could be released from confinement.

While former I.C. §§ 19–2513 and 2513A were in force,[4] essentially every sentence imposed was an indeterminate sentence unless the district court, as authorized by I.C. § 19–2513A, specifically ordered the sentence to be fixed or determinate. Stated another way, if the sentencing court did not order that the sentence be served entirely in confinement as a fixed or determinate period without eligibility for parole, the sentence—by operation of I.C. § 19–2513—must be deemed automatically to be for an indeterminate period during which the offender, when eligible under the rules and regulations of the Commission of Pardons and Parole, may serve the balance of the sentence on parole or release from confined custody. Compare, *State v. Wallace*, 116 Idaho 930, 782 P.2d 53 (Ct.App.1989) (district court orally pronounced a determinate sentence stating: "[T]hat means that you will not be eligible for parole, ..." but entered written judgment and order of commitment which was silent as to indeterminate or determinate nature of the sentence, then later corrected the judgment and order by inserting the word "determinate;" *held*, that the first written order of commitment did not create an indeterminate sentence inconsistent with the court's oral pronouncement of the determinate sentence, and the later correction was proper under I.C.R. 36).

We conclude that because the district court did not specify that DuValt's ten-year sentence should be served as a fixed or determinate sentence without possibility of parole, the sentence must be deemed to be an indeterminate sentence in its entirety. Further, the failure of the district court to declare the

sentence to be indeterminate did not render the sentence illegal when it was imposed. It follows that the district court did not err in subsequently denying DuValt's motion under I.C.R. 35 for correction of an illegal sentence. The order is affirmed.

LANSING and PERRY, JJ., concur.

---

4. When enacting the Unified Sentencing law, the legislature modified I.C. § 19–2513 by deleting the exclusive provisions for indeterminate sentences and repealed I.C. § 19–2513A entirely. 1986 Idaho Sess.Laws, ch. 232, sec. 3, p. 639; sec. 4, p. 640.